SAVOY, Judge.
Plaintiffs appealed from a judgment of the district court sustaining a motion for a summary judgment in favor of one of the defendants in the instant case, namely, Grain Dealers Mutual Insurance Company.
Grain Dealers issued to Harry J. Manuel, d/b/a West End Esso Service Center of Opelousas, Louisiana, a garage liability policy. Manuel maintained on his premises trucks belonging to U-Haul Company, *285 Inc., which he maintained and rented as part of his service station.
On September 4, 1966, Rodney Vidrine rented a 1966 Ford U-Haul truck from Manuel and drove it to Mamou, Louisiana. While driving in Mamou, Vidrine failed to stop the vehicle at a Stop sign and crashed into a truck belonging to Seus Fontenot and in which plaintiff-appellant Wayne Matt was a guest passenger. As a result of the accident, Matt suffered personal injuries and filed the instant suit against Grain Dealers as the insurer of Manuel. In his petition Matt alleged that the failure of Vidrine to stop the truck at the Stop sign was because of defective brakes.
Defendant Grain Dealers filed a motion for a summary judgment on the ground that their policy contained an exclusion which prevents plaintiff Matt from recovering against it in the instant case.
The policy of insurance provides under “Exclusions” of “Part I — Liability”, quoted herein in part, that:
“This policy does not apply under Part 1:
“(c) to any automobile * * *, (2) while rented to others by the named insured unless to a salesman for use principally in the business of the named insured, * * *.”
Counsel for appellants and appellees stated in oral argument and in their respective briefs that they were unable to find any cases in Louisiana interpreting the above exclusionary clause.
Counsel for appellants stated that the case of Miesen v. Bolich, 177 Cal.App.2d 145, 1 Cal.Rptr. 912 (1960) is controlling here, whereas counsel for defendant Grain Dealers cites as authority for his position Jeffries v. General Casualty Company of America, 46 Wash.2d 543, 283 P.2d 128 (1955).
Both the Miesen case and the Jeffries case, supras, contained exclusion clauses in the respective policies the .same as that involved in the instant case.
In the Miesen case, supra, the court said that the insuring clause and the exception should not be considered separately but as a whole, and that any ambiguities should be construed against the insurer. The court said it was the intention of the parties to the insurance policy to provide protection to the insured where the injury arose out of operating a service station and repair shop. The station owner had in force at the time of the accident a garage liability policy containing an exclusion clause as we have in the instant case. The court found the facts to be that Miesen had rented a truck from a filling station operator, and while unloading some furniture he fell backwards to the pavement because of the defective side racks and stakes of the truck. The court concluded that the apparent intention of the parties was to afford protection to the insured where the injury arose out of or in connection with the business of operating a service station; that the cause of the accident was the faulty maintenance of the truck and not the fact that the truck was rented to plaintiff and away from the premises at the time of the accident.
In the Jeffries case, supra, the Supreme Court of Washington held that under a similar exclusionary clause in an insurance policy as found in the Miesen case, supra, and in the instant case, that the insurer was not liable. In Jeffries the service station operator rented a trailer to plaintiff and negligently hitched it up so that while plaintiff was away from the premises, the trailer became unhitched and fell on his foot. The accident happened away from the premises. The district court held plaintiff could not recover because of the exclusionary clause. The Supreme Court affirmed. The court stated that the policy was not ambiguous nor difficult of comprehension, and that it was not free to revise said insurance policy under the theory of construing it.
*286 We agree with the results reached in the Jeffries case, supra. The language used in the exclusion clause in the policy in the instant case is not ambiguous. It must be enforced as written. The policy expressly excludes “any automobile * * * while rented to others by the named insured * * The facts show this accident happened while the automobile was rented to Vidrine by the named insured.
In our opinion the exclusion clause in the policy exonerates Grain Dealers from liability in the instant case.
For the reasons assigned the judgment of the district court is affirmed at appellants’ costs.
Affirmed.