255 So.2d 236 (1971)
John O. DUPLESSIS
v.
A. H. HULLINGHORST et al.
No. 8559.
Court of Appeal of Louisiana, First Circuit.
November 10, 1971.
*237 Walter G. Monsour, Jr., Baton Rouge, for appellant.
William A. Norfolk, of Taylor, Porter, Brooks & Phillips, Horace C. Lane, Anthony J. Clesi, Jr., Baton Rouge, for appellees.
Before LANDRY, BLANCHE and TUCKER, JJ.
LANDRY, Judge.
Plaintiff appeals dismissal of his action in tort upon motion for summary judgment by defendants, A. H. Hullinghorst and his alleged liability insurer, The Travelers Insurance Company (Travelers). We affirm.
The principal issue for decision is whether the affidavits and depositions introduced in support of and in opposition to the motions for summary judgment disclose the absence of a genuine issue of material fact. More particularly, the pivotal question is whether the affidavits presented by plaintiff in opposition to the motion comply with the provisions of LSA-C.C.P. art. 967, which requires that such affidavits be made on personal knowledge, and affirmatively show that the affiant is competent to testify as to the matters stated therein.
Appellant was injured on January 31, 1966, while in the employ of B & B Engineering and Supply Company (B & B). At the time B & B, a Texas Corporation, was engaged in constructing an industrial plant for Wyandotte Chemical Company at Geismar, Ascension Parish, Louisiana. Plaintiff, an insulator, fell from a scaffold surrounding an 80 foot high vessel. The vessel was entirely surrounded by a multilevel circular scaffold, which included a catwalk measuring approximately 24 inches in width. At each "level" of the catwalk, an iron safety bar, approximately five feet above the catwalk floor, was provided to protect workmen against falling. The area between the floor of the catwalk and the safety bar was open. While working at an extremely high level on the scaffolding, plaintiff fell as he reached for a rope being sent up to him from the ground by means of a pulley attached to the scaffold. The pulley was so situated that plaintiff had to bend down beneath the safety bar and reach below the catwalk.
Appellant's petition alleges the fall occurred because of the negligence of Armand H. Hullinghorst, William Devillier, Charles Trabeau and H. R. Williams, Jr., all executives, officers and directors of B & B. It is further alleged said defendants *238 are all insureds of Travelers by virtue of a policy which insured the officers, executives and directors of the company. In essence, plaintiff charges said defendants were negligent in building or permitting the building of a scaffold that was highly dangerous and ill-suited for its intended purpose. Plaintiff further alleges defendants were negligent in knowing the scaffold was dangerous and ill-suited for its designed use. Finally, appellant charged that defendants were negligent in other unknown acts.
On June 7, 1968, defendants Hullinghorst and Travelers moved for summary judgment of dismissal. Attached to the motion was the affidavit of Hullinghorst which categorically denied, on personal knowledge, all of the acts of negligence charged against said defendant. A copy of the motion for summary judgment and accompanying affidavit were served upon appellant June 6, 1968. Said affidavit also recites that Hullinghorst was in no manner connected with the construction of the scaffold, and had no personal knowledge thereof. The motion was set for trial on September 20, 1968. On the trial date, plaintiff filed a counter affidavit by one Lloyd Guidry. This affidavit was not served on defendants prior to the hearing date as required by LSA-C.C.P. art. 966. Guidry's affidavit, made upon information and belief, contradicts Hullinghorst's affidavit in every material respect.
Counsel for appellees maintains the motion for summary judgment was heard on the initial assignment date of September 20, 1968, but the record does not so indicate. The minutes of the court and the judgment granting the motion for summary judgment indicate that the matter was heard October 19, 1970, and judgment rendered October 22, 1970.
In any event, in the interval of September 20, 1968 to October 22, 1970, an affidavit was taken from Louis Guidry and introduced of record. It suffices to say that Guidry's affidavit discloses he had been in the employ of B & B only two days before the accident. It also reveals Guidry's total lack of knowledge regarding Hullinghorst's alleged connection with or knowledge of the erection of the scaffold in question. The record also contains an affidavit filed by plaintiff on October 16, 1970. A copy of the affidavit was served on defendants on October 15, 1970. In substance, plaintiff's affidavit, made on information and belief, contradicts every material allegation in Hullinghorst's affidavit.
Also of record is the deposition of defendant Hullinghorst, taken March 5, 1969. The deposition recites that Hullinghorst, then President of B & B, was Vice President of the company at the time of the accident. It relates that Hullinghorst was purely an administrative officer, and had no knowledge of, responsibility for, or connection with the scaffold in question. It further shows that the remaining individual defendants were either a superintendent or foreman of B & B and that neither of said other defendants were officers, directors or stockholders in B & B. The evidence disclosed by this deposition is unchallenged in the record.
As urged by appellant, the following rules apply in the resolution of this matter. A motion for summary judgment may be granted only where an absence of genuine issue as to a material fact has been clearly shown. LSA-C.C.P. art. 966.
The burden of showing an absence of genuine issue as to a material fact rests upon the party moving for summary judgment. All doubts against the motion for summary judgment shall be resolved against mover and in favor of a full trial upon the merits. Green v. Southern Bell Telephone and Telegraph Co., La.App., 204 So.2d 648.
A motion for summary judgment may not be granted on the basis that the affidavits on one side preponderate numerically, or otherwise, over the facts related in the opposing affidavits. Jones v. Davis, La. App., 233 So.2d 310.
*239 Simply stated, appellant maintains the affidavits presented on his behalf contradict those of Hullinghorst regarding the latter's alleged knowledge of and responsibility for erection of the scaffold. On this basis, it is argued that this critical issue is a matter of dispute, and the motion for summary judgment was improvidently granted.
Movers urge that the Guidry affidavit was the sole affidavit of record on plaintiff's behalf when the motion was tried in September, 1968. Movers also contend this affidavit was of no legal effect because it was not served on movers as required by LSA-C.C.P. art. 966, and also because it was not based on personal information as expressly required by LSA-C.C.P. art. 967.
Alternatively, movers contend that the affidavit of plaintiff himself was defective because it was not made on personal knowledge. Finally, movers maintain Guidry's deposition contradicts his affidavit, thus destroying any effect the affidavit otherwise may have had. On the above premises, appellees contend that since there were no admissible affidavits submitted by appellant to contradict that of Hullinghorst, the motion for summary judgment was properly granted.
The purpose of our rules governing motions for summary judgment is to permit dismissal, without trial on the merits, of a cause in which there is no genuine issue as to material facts and where, on the facts shown, plaintiff has no case or claim as a matter of law.
It is well settled that in determining the application of the Louisiana Summary Judgment Law, which is patterned upon Rule 56 of the Federal Rules of Civil Procedure, the decisions of the Federal Courts on the subject matter may be considered. Kay v. Carter, 243 La. 1095, 150 So.2d 27.
LSA-C.C.P. art. 967 provides in unmistakable terms that the supporting and opposing affidavits submitted in connection with a motion for summary judgment "shall" be made on personal knowledge. The identical requirement in Rule 56 of the Federal Rules of Civil Procedure has been interpreted by the Federal Courts to be mandatory. Sartor v. Arkansas Natural Gas Corporation, 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967. Therefore, the personal knowledge of affiant is required in such instances. Roucher v. Traders and General Insurance Company, 5 Cir., 235 F.2d 423. Roucher, above, expressly holds that affidavits offered in support or opposition to a motion for summary judgment are inadmissible, and not to be considered unless made upon personal knowledge.
We readily appreciate the wisdom and utility of the Federal Rule as evidenced by the above quoted authorities, and adopt it as our own. It follows that plaintiff's affidavit and that of Guidry were inadmissible herein because they were not made on personal knowledge. Accordingly, the tainted affidavits have no legal effect, and must be considered as not having been introduced of record.
Under the circumstances, it is immaterial when the motion for summary judgment was heard and disposed of. If heard in September, 1968, as argued by appellees, the only affidavit properly before the Court was that of Hullinghorst. Standing unopposed, it clearly demonstrated an absence of genuine issue of material fact insofar as concerns movers. If the matter were heard and determined in October, 1970, the only admissible evidence before the Court was Hullinghorst's affidavit and deposition and Guidry's deposition. As indicated above, Guidry's deposition discloses his complete lack of knowledge concerning Hullinghorst's alleged connection with or knowledge of the assertedly dangerous scaffold.
Upon trial of a motion for summary judgment, plaintiff must counter mover's affidavits or depositions by admissible affidavits or depositions of plaintiff's own. *240 Summary judgment in favor of a defendant in a tort action is proper where there are affidavits of record showing said defendant had no connection with the accident, and plaintiff offered no affidavits, depositions or other evidence to the contrary. Hooper v. Wilkinson, La.App., 225 So.2d 66.
The judgment of the trial court is affirmed at appellant's cost.
Affirmed.