CULPEPPER, Judge.
Plaintiff seeks damages for personal injuries sustained by her minor son, John L. Walker. While a pedestrian, he was struck by a Volkswagen van driven by the *278 defendant, John Glen Lomas, and insured by the defendant, Firemen’s Insurance Company. The defendant insurer filed a motion for summary judgment on the grounds that Lomas was driving the vehicle without the permission of the named insured or his spouse, Ray and Alida Sew-ell. From a summary judgment dismissing his suit, plaintiff appealed.
The substantial issue is whether the opposing affidavit of the plaintiff, based solely on her information and belief, rather than personal knowledge, is sufficient to show a genuine issue of material fact.
In support of its motion for summary judgment, defendant filed in evidence a copy of the policy. Under the insuring agreements, an insured is defined as including “any person while using the automobile, . . . provided the actual use of the automobile is by the named insured or such spouse or with the permission of either.” The policy shows that it was issued to Ray and Alida Sewell, d/b/a Alida’s Drapery and Floor Covering Shop.
Defendant filed affidavits of Ray L. Sewell and Alida Sewell stating that they are the owners of the vehicle and the named insureds under the policy, and that on the night in question “said vehicle was taken and used by one John Glen Lomas, without their knowledge, consent, and permission and without their authorization; that he was charged with the unauthorized use of this movable and pleaded guilty to this charge.”
Furthermore, defendant filed an affidavit of John Glen Lomas stating that on the night in question “he took from the residence of Ray and Alida Sewell, a Volkswagen van without their knowledge, consent, permission or authorization; that while using this van, he was involved in an occurrence wherein he struck and injured one John Walker; that he was charged with the unauthorized used of this vehicle to which charge „he has entered a plea of guilty.”
Defendant also filed a copy of a record of the Eunice Police Department showing that John Glen Lomas was charged with unauthorized use of a movable and pleaded guilty.
The only opposing evidence is an affidavit by the plaintiff, Mrs. Cordia Walker, in which she states: “That she is informed and believes and therefore alleges that a conspiracy has been entered into by and between the defendants, John Glen Lomas, Sr., Ray L. Sewell and Alida Sewell, for the purpose of denying substantial recovery by plaintiffs herein and that an issue of fact as to the verity of the affidavits which they have attached to the motion to dismiss and for summary judgment has arisen.”
Under the provisions for summary judgment, LSA-C.C.P. Article 967 provides in pertinent part: “Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.”
In the recent case of Duplessis v. Hullinghorst, 255 So.2d 236 (La.App., 1st Cir. 1971) the court correctly held:
“LSA-C.C.P. art. 967 provides in unmistakable terms that the supporting and opposing affidavits submitted in connection with a motion for summary judgment ‘shall’ be made on personal knowledge. The identical requirement in Rule 56 of the Federal Rules of Civil Procedure has been interpreted by the Federal Courts to be mandatory. Sartor v. Arkansas Natural Gas Corporation, 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed 967. Therefore, the personal knowledge of affiant is required in such instances. Roucher v. Traders and General Insurance Company 5 Cir. 235 F.2d 423. Roucher, above, expressly holds that affidavits offered in support or opposition to a motion for summary judgment are inadmissible, and *279 not to be considered unless made upon personal knowledge.”
See also Hidalgo v. General Fire & Casualty Company, 254 So.2d 493 (La.App., 3rd Cir.1971); and Boothe v. Fidelity & Casualty Company of N.Y., 161 So.2d 293 (La.App., 2d Cir.1964).
Applying these rules to the present case, it is apparent that the opposing affidavit of the plaintiff is not sufficient to show a genuine issue of fact. The affidavit states only that Mrs. Walker “is informed and believes and therefore alleges that a conspiracy has been entered into.” The affidavit does not show (1) that it is on personal knowledge or (2) that it sets forth facts which would be admissible in evidence or (3) that the affiant is competent to testify to the matters stated.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.
DOMENGEAUX, J., concurs in the result.