302 So.2d 686 (1974)
Richard MOREAUX, Plaintiff-Appellee-Appellant,
v.
AMERICAN MUTUAL INSURANCE COMPANY, et al., Defendants-Appellants-Appellees.
No. 4716.
Court of Appeal of Louisiana, Third Circuit.
October 16, 1974.
Rehearing Denied November 20, 1974.
*687 Irby Hebert, Jr., and Preston Summers, Abbeville, for plaintiff-appellee-appellant.
Davidson, Meaux, Onebane & Donohoe by Robert M. Mahony, Lafayette, for defendant-third party plaintiff-appellant.
Voorhies & Labbé by Richard D. Chappuis, Jr., Mouton, Roy, Carmouche & Hailey by Harmon F. Roy, Lafayette, for defendants-appellants-appellees.
Before FRUGÉ MILLER and WATSON, JJ.
WATSON, Judge.
I. MOTION TO DISMISS APPEAL
Defendant, Power Rig Drilling Company, hereafter sometimes referred to as Power Rig, has filed a motion to dismiss this appeal. Although plaintiff, Richard Moreaux, is proceeding in forma pauperis, he petitioned for and received an order for a suspensive appeal and not, in the alternative, for a devolutive appeal. Power Rig contends that, since the delays have now expired for a devolutive appeal, Power Rig is entitled to have the appeal dismissed with prejudice. LSA-C.C.P. art. 5185(4) is cited correctly for the proposition that a party proceeding in Forma pauperis is entitled only to a devolutive appeal and not to a suspensive appeal. However, the cases are legion which have held that if for some reason a suspensive appeal is not perfected, then the appellant is entitled to a devolutive appeal.
"This is true notwithstanding the fact that the motion and order of appeal *688 failed to include any mention of a devolutive appeal." Aucoin v. Williams, 291 So.2d 504 at 505 (La.App. 3 Cir. 1974).
This situation usually arises where an appellant has failed to file a bond for the suspensive appeal but files a bond adequate and timely for a devolutive appeal. By analogy we hold that a party who takes a suspensive appeal which is unavailable to him because he is proceeding in forma pauperis, is entitled to have his appeal considered nevertheless as devolutive.
Therefore, the motion to dismiss the appeal is denied.
II. ON THE MERITS
Plaintiff appeals from a summary judgment in favor of defendant, Power Rig Drilling Company, the trial court holding that there was no genuine issue of material fact and that defendant was entitled to a judgment as a matter of law.
The issue is whether the pleadings and affidavits (there being no dispositions in the record) show no genuine issue of material fact.
Plaintiff instituted suit against Power Rig Drilling Company, The Superior Oil Company, American Mutual Insurance Company, Loomis Hydraulic Testing Company, Inc., Arthur Thibodeaux, Jim Rathburn, Jim Jenkins, Lloyd C. Rathburn, Robert T. Ellmore, John P. King, Jr., and three employees of Power Rig for damages allegedly resulting from an accident on July 10, 1972 when plaintiff's left foot was caught between a cable drum and the frame of draw works on a drilling rig in Vermilion Parish. At the time of the accident, plaintiff was employed by Loomis Hydraulic Testing Company, Inc. and was engaged in the pressure testing of certain pipes.
Only the allegations concerning Power Rig are pertinent to this appeal, and the various allegations concerning the other defendants will be omitted. Plaintiff named Charles Oliver, Kemmile Oliver and Eyle Comin as employees of Power Rig and alleged that Power Rig was responsible for the negligence of these parties which consisted of the following:
"1. In operating the drilling in a manner which was unsafe to petitioner;
2. In performing the drilling operations which caused the cable to feed out of the draw works without being able to see petitioner;
3. In failing to do what they should have done under the circumstances;
"4. In failing to stop drilling operations immediately upon petitioner getting caught in the draw works of the hydraulic testing machine;" (TR. 4)
Power Rig filed a motion for summary judgment which was alternatively styled an exception of no cause or right of action. This pleading states that Power Rig was not performing any work at the well site at the time of the accident; that Power Rig and its employees were at the drill site to run tubing, but were standing by awaiting the completion of other work before they performed any services. Also, it denied that the two Olivers and Comin were employed by Power Rig and urged that neither Power Rig nor its employees committed any act or failed to perform any act which involved plaintiff and which could have contributed to the accident.
In support of the motion for summary judgment, Power Rig filed an affidavit by Percy Le Juhn, a toolpusher. The affidavit recited that he was instructed by Power Rig to proceed with his crew to the well site in question for the purpose of running tubing. The affidavit further states that Le Juhn and his crew were at the drill site when plaintiff sustained an accident; that, at the time of the accident, plaintiff was running tests on tubing, and Le Juhn and his crew were waiting for plaintiff to complete the testing before running the tubing into the hole.
Also filed was the affidavit of D. B. Littlefield, who stated that Le John was a *689 toolpusher for Power Rig and that the three persons named in the petition were not employees of Power Rig.
Two affidavits were filed in opposition to the motion for summary judgment on behalf of plaintiff.
First, plaintiff filed his own affidavit in which he described how the accident occurred. For clarity, we will quote three paragraphs of plaintiff's affidavit:
"Affiant declares that he and Arthur Thibodeaux, the operator, arrived at the L. S. Goldberg Well No. 1 located in Vermilion Parish approximately at 5:00 o'clock p. m. on Sunday, July 9, 1972. That upon arriving at the rig, they were informed that the owner and operator of the rig was Superior Oil Company and that the driller was Power Rig Drilling Company. The name of the pusher for Superior Oil Company was Charles Oliver and the other men at the rig are unknown to Affiant, except that he was informed that they were employees of Power Rig Drilling Company.
"Affiant further declares that at the time of the accident, he was operating Loomis' equipment used to test a pipe for any defects and whether said pipe could withstand certain pressures. That just prior to the accident in which he was injured, Affiant was operating this machinery about six feet from where the pipe was going into the hole. Affiant told the driller to lower the joint of tubing into the hole and as he started doing this, this pulled Loomis' testing tool inside the tubing down with it, causing the drum holding Loomis' wire rope to turn. The wire rope on the drum is what is used to raise and lower the testing tool. The drum with the wire rope is part of the unit we (Loomis) furnish to the job.
"Affiant further declares that when the pipe had been lowered about ten feet into the hole, his left foot got caught in the side of the drum, throwing Affaint to the floor of the rig and upon seeing Affiant on the floor, the driller stopped lowering the joint of pipe. Affiant believes the driller to be an employee of the drilling company, Power Rig Drilling Company." (TR 55-56)
The other affidavit filed on behalf of plaintiff is that of Arthur Thibodeaux, a supervisor for Loomis Hydraulic Testing Company, Inc., who was working with plaintiff in conducting the testing at the well site when the accident occurred. For clarity, we will quote the pertinent paragraphs of Thibodeaux's affidavit.
"Affiant further declares that as Loomis' Representative at the L. S. Goldberg Well No. 1, he was informed that Superior Oil Company was the owner and operator of the said well and was further informed that the `pusher' for Superior Oil Company present at the rig was one Charles Oliver.
"Affiant further declares that as the time of the accident in which Richard Moreaux was injured, drilling operations had not ceased and that there was a `Driller' supervising the drilling operations and this driller had control over a `Brake Iron' which could have stopped drilling operations, and also the draw works at any time prior to the accident or immediately thereafter.
"Affiant further declares that to his able to remember the name of this driller, but does recall that he was an employee of Power Rig Drilling Company.
"Affiant furtherr declares that to his knowledge, other than Superior Oil's employee, Charles Oliver, himself, and Richard Moreaux, the only other men present at the L. S. Goldberg Rig were employees of Power Rig Drilling Company." (TR. 57-58)
To determine whether the trial court correctly entered a summary judgment in favor of Power Rig, we must review *690 the affidavits in light of the rules applicable to summary judgment. These principles have been aptly set forth by our esteemed brother of the First Circuit, Judge Landry, in the case of Duplessis v. Hullinghorst, 255 So.2d 236 (La.App. 1 Cir. 1971); and followed by this circuit in Walker v. Fireman's Insurance Company, 264 So.2d 277 (La.App. 3 Cir. 1972). Rather than quote from Duplessis at length, we will summarize the applicable rules as follows:
(1) Summary judgment is granted only where the absence of a genuine issue as to material fact has been clearly shown.
(2) The burden is on the party moving for summary judgment.
(3) Any doubt as to granting the motion shall be resolved against the mover and in favor of a trial on the merits.
(4) Summary judgment may not be granted on the basis that the affidavits on one side preponderate over the opposing affidavits.
(5) Affidavits submitted shall be made on personal knowledge.
Applying these rules to the affidavits filed in the instant case, we find that there are genuine issues of material fact which are not resolved. From the affidavits, we note the question of whether the "driller" was an employee of Power Rig. The affidavit of Arthur Thibodeaux says that he was, while the two affidavits submitted by Power Rig do not illuminate this question. Thibodeaux's affidavit indicates a factual issue as to whether Power Rig's employee could have stopped the proceeding and prevented plaintiff's injury or minimized it. We find that it has not been "clearly shown" that Power Rig is entitled to summary judgment. We find that there is substantial "doubt" about issues of material fact. Therefore, the doubt is to be resolved against mover and the issues are to be tried.
While some of the information in Thibodeaux's affidavit does not meet the "personal knowledge" test, the portion relating to who employed the driller and to what the driller could have done to prevent or minimize the accident is stated in a manner indicating personal knowledge.
Having found that there are genuine issues of material fact, and, therefore, that Power Rig is not entitled to a summary judgment as a matter of law, we reverse the judgment of the trial court and remand this matter for trial on the merits.
Costs of the appeal are taxed against Power Rig and all other costs are to await final disposition.
Reversed and Remanded.