WATSON, Judge.
This is a dog-bite case, but the present appeal involves only the question of whether there was liability insurance in force on the date of the accident, which was alleged to have occurred on or about June 1, 1973. The allegations are that plaintiff’s minor child, Ricky Hebert, was bitten by dogs owned by the defendant, Marion Overton White, and that Allstate Insurance Company had issued to Marion Overton White a policy of public liability insurance which was in force at the time of the accident. Allstate moved for summary judgment and asserted an exception of no cause or right of action on the contention that the policy was not in force on the alleged date of the attack, or, stated differently, that there was no liability coverage at the time of the accident. From a judgment sustaining the motion for summary judgment and the exception of no cause of action, Marion Overton White has appealed.
Sustaining the exception of no cause of action was erroneous, since the petition on its face alleges a claim against Allstate Insurance Company. The law prohibits introduction of any evidence to support the objection that the petition fails to state a cause of action. LSA-C.C.P. art. 931.
Requiring more lengthy consideration however, is the matter of the summary judgment. A summary judgment may be granted only when “ . . . . the pleadings, depositions, .... and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” LSA-C.C.P. art. 966.
Before summary judgment may be granted, there must be no doubt that an issue of material fact is absent. Duplessis v. Hullinghorst, 255 So.2d 236 (La.App. 1 Cir. 1971); Walker v. Fireman’s Insurance Company, 264 So.2d 277 (La.App. 3 Cir. 1972); Moreaux v. American Mutual Insurance Company, 302 So.2d 686 (La.App. 3 Cir. 1974).
With these principles in mind, we must review the various exhibits filed in support of and in opposition to the motion for summary judgment.
Allstate’s submission consisted of the following :
First, there is a certified copy of the Allstate policy which consists of a printed policy and a copy of a “declarations page” which includes the name of Mr. White as well as his address and certain other data including the policy limits in typewriting and the two dates reflecting the policy period which are handwritten. These dates are “5 30 72” and “5 30 73”. The original policy was not produced or filed by either party.
Also attached to Allstate’s offering are a copy of a letter from Allstate to Mr. White dated August 3, 1973, telling him *467 that his policy had been cancelled on January 14, 1973; a letter from Mr. White to Allstate disputing- the assertion that the policy had been cancelled and advising that he was never informed of an increase in coverage or a notice of additional premium due; a copy of Allstate’s cancellation notice list; a copy of an endorsement increasing Mr. White’s coverage bearing the date “9/13/72”; a copy of a document entitled “customer service request” which appears to be a form filled in by the Allstate employee relating to the application by Mr. White for an increase in coverage; and a copy of a form entitled “Allstate Insurance Company Homeowner’s-Renter’s Insurance” which appears to be a form filled out by the Allstate agent when Mr. White applied for his policy. This latter document bears the date May 29, 1972 and indicates a premium of $211. We must note at this point that there is no certification as to any of these documents except the copy of the insurance policy itself.
The other offering by Allstate is an affidavit by Henry L. Denton, the division supervisor of Allstate Insurance Company, who states that the records of his company indicate that a policy was issued to Marion O. White for the period of May 30, 1972 to May 30, 1973 and that the policy was cancelled effective January 14, 1973 for non-payment of premiums. He adds that no other policy of Allstate was in force and effect on the date of June 1, 1973.
There is a dispute between Allstate and Mr. White relative to the cancellation of the policy and whether a notice was sent; this dispute is not relevant to our inquiry since the documents presented by Allstate in support of the motion for summary judgment indicate that the policy expired on May 30, 1973 which was two days prior to the alleged dog-bite.
In opposition to the motion for summary judgment, Marion Overton White introduced his affidavit which asserted that he purchased a policy of insurance from Allstate which was in force on June 1, 1973; that on or about June 20, 1972 he applied to Allstate for the policy; that the premium was $213 and that it was paid by check. The issue becomes quite simple: either Mr. White had a policy in effect on June 1, 1973 or he did not. If he claims coverage, he should produce the policy. He has failed to do so and the issue, necessarily, must be resolved against him.
As noted above, the original policy of insurance was not filed in these proceedings. This omission without any showing that the policy had been lost or destroyed must be construed against Mr. White. A copy of the check in the amount of $213 is in the record.
Our review of the various filings in the record convinces us that the trial court was correct in finding that Allstate is entitled to a summary judgment.
Therefore, the judgment of the trial court dismissing the claim against the defendant, Allstate Insurance Company, is affirmed.
Costs of this appeal are taxed against the appellant, Marion Overton White.
Affirmed.