364 So.2d 215 (1978)
John C. HAMILTON, III, Plaintiff-Appellant,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al., Defendants-Appellees.
No. 6638.
Court of Appeal of Louisiana, Third Circuit.
October 13, 1978.
Rehearing Denied November 28, 1978.
Writ Refused January 26, 1979.
*216 Fontenot, Andrus & Preis by Vance R. Andrus, Lafayette, for plaintiff-appellant.
McBride & Brewster by Norman P. Foret, Lafayette, for defendants-appellees.
Ed Rubin, Lafayette, for plaintiff-appellee.
Before WATSON, GUIDRY and FORET, JJ.
GUIDRY, Judge.
This is a tort action wherein plaintiff seeks to recover damages for personal injuries sustained as a result of an automobilemotorcycle collision which occurred in the city of Lafayette, Louisiana, on September 17, 1976. Plaintiff joined the driver of the uninsured automobile, Iris Noel, and State Farm Mutual Automobile Insurance Company (hereafter State Farm), the automobile liability insurer of his father, John C. Hamilton, Jr., as defendants, seeking to recover from the latter under the uninsured motorist provisions of its policy. State Farm filed a motion for summary judgment, seeking to have plaintiff's suit dismissed as to it, urging in support of such motion that the pleadings on file, the deposition of plaintiff, and the policy of insurance issued by State Farm show that there is no genuine issue of fact, material to a finding that plaintiff is not an insured under the uninsured motorist provisions of the policy issued to John C. Hamilton, Jr. Specifically, *217 State Farm urged in support of its motion for summary judgment that plaintiff is not an insured under the liability policy issued to his father because at the time of accident he was not a "resident of the same household" as that of his father. The trial court rendered summary judgment dismissing plaintiff's suit as against State Farm. Plaintiff has appealed.
It is well settled that a party who seeks a summary judgment bears the burden of showing that there is no genuine issue of material fact. Any doubt as to granting the motion shall be resolved in favor of trial on the merits. Craft v. Trahan, 351 So.2d 277 (La.App. 3 Cir. 1977); Moreaux v. American Mutual Insurance Company, 302 So.2d 686 (La.App. 3 Cir. 1974), writ not considered, 307 So.2d 627 (La.1975).
We have considered State Farm's motion for summary judgment and the evidence adduced in support thereof in light of the clear rule above set forth and ultimately conclude that the trial court judgment must be affirmed.
The record reflects no dispute as to any of the facts material to a determination of plaintiff's residency at the time of accident. In fact, the activities of plaintiff for the six year period immediately preceding the accident, on which State Farm relies in order to show that plaintiff was not a resident of his father's household, are chronicled in plaintiff's own deposition. The facts as revealed by the evidence are as follows:
Plaintiff was 24 years old at the time of accident. Plaintiff was born in the year 1952 and resided continuously with his parents in Lake Charles, Louisiana, until his graduation from high school in the year 1970. Following his graduation from high school plaintiff attended the University of Southwestern Louisiana at Lafayette. His parents supported him during his first two years of college, during which time he resided in one of the dormitories on campus. During the remaining years of his college career, plaintiff was completely self-supporting. He resided in an apartment in Lafayette and actually put himself through school. During his entire college career plaintiff resided in Lafayette and occasionally visited his parents. In May of 1975, plaintiff graduated from USL with a degree in marketing. After graduation plaintiff continued to reside in Lafayette where he was employed as manager of the Beef and Ale Restaurant. Prior to his graduation in 1975 and up to the date of accident, on September 17, 1976, plaintiff continuously resided in an apartment complex with address of Apartment No. 5, 1215 West Congress Street, Lafayette, Louisiana, although, shortly prior to the accident plaintiff had decided to go into business for himself in the city of Lake Charles, and in furtherance of such decision he leased an apartment on Clarence Street in that city as well as a building wherein he would conduct his business. Plaintiff was in the process of moving to Lake Charles, Louisiana, just prior to the accident and had actually moved about 75% of his belongings, a portion of which were stored in his new apartment on Clarence Street and a portion of which (the more expensive items such as furniture, dress clothes, paintings) were stored at his parents' home. As to the latter plaintiff candidly admitted that his parents' home was being used as a storage area only pending his complete move to his new apartment in Lake Charles. It is not disputed that plaintiff always had a key to his parents' home and was free to visit them at will without notice or invitation. It is equally without dispute that during the six year period preceding the accident he did visit his parents, the frequency of such visits varying from once every two weeks to once a month. That plaintiff did not consider himself as residing with his parents at the time of accident and had no intention of residing with them appears from his own candid responses in deposition:
"Q. After your graduation and before this accident, where did you consider where you were living?
A. 1215 West Congress.
Q. In Lafayette?
A. Right.

*218 Q. Prior to the accident, had you told or indicated in any way to your parents that you planned to continue living with them?

A. No.
. . . . .
Q. Did you plan on residing permanently at the Lake Charles Clarence Street address?
A. Permanently?
Q. Yes.
A. No. The rent was too high. It was the only place I could find so I went ahead and rented it for the time being. I never spent one night in that place.
Q. Did you plan on  if the Clarence Street address didn't work out to be a permanent address did you plan on finding another permanent address other than your parent's home?

A. Yes, you know, I didn't have any intention of living with them. The permanent address I now use is my business address. Anytime I need correspondence I list it now."

The automobile insurance policy issued by State Farm to plaintiff's father contains the standard uninsured motorist provision. For the purposes of uninsured motorist protection, the policy defines "insured" as "the named insured and any relative". (Part IV, definitions). The term "relative" is further defined under Part I of said policy to mean "a relative of the named insured who is a resident of the same household". (Part I, definitions). Thus, in order for plaintiff to be covered by his father's uninsured motorist coverage, plaintiff must be a resident of the same household as that of his father.
Our review of the evidence in this case, adduced in support of State Farm's motion for summary judgment, which evidence we have briefly set forth above, is without dispute and contains every fact material and necessary to a determination of plaintiff's residency at the time of accident. This being so the issue presented is properly disposed of on a motion for summary judgment. Whether a person is or is not a resident of a particular place is a question of law and fact. Taylor v. State Farm Mutual Automobile Insurance Co., 248 La. 246, 178 So.2d 238 (1965). Once all the facts are marshaled, and it is made to appear that the marshaled facts are without dispute, then the ultimate conclusion as to residency becomes a question of law, i. e., whether such facts disclose residency of a particular place as a matter of law and within the meaning of the policy of insurance in question. See Ladner v. Andrews, 216 So.2d 355 (La.App. 3rd Cir. 1968) in which this very same issue was disposed of on motion for summary judgment; Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367 (La.1976) in which the issue of contributory negligence was disposed of on a motion for summary judgment; and, Ocmond v. Eserman, 259 So.2d 600 (La.App. 1st Cir. 1972, writ refused, 261 La. 825, 261 So.2d 230) in which the issue as to an alleged employer's vicarious liability was disposed of on motion for summary judgment.
In the instant case it has been established that plaintiff had not resided in the home of his parents for several years prior to the accident. Although plaintiff did visit in the home of his parents during this period, we do not consider these occasional short visits as establishing a residency therein and it is clear from plaintiff's own deposition that such was not his intention. Plaintiff's parents were under no obligation to support him and in fact the evidence shows that he was and had been for several years preceding the accident, financially independent of his parents. Most convincing, plaintiff, by his own candid admissions did not consider himself a resident of his parents' household at the time of accident nor did he ever intend to again establish a residence with them. Considering these undisputed facts, we determine, as did the trial judge, that plaintiff was not a resident of the household of his parents when the accident occurred and thus that he was not an insured under the State Farm policy. As stated in Cates v. Beauregard Electric Cooperative, Inc., supra:

*219 "When the evidence submitted on the motion leaves no relevant, genuine issue of fact, and when reasonable minds must inevitably conclude that the mover is entitled to judgment on the facts before the court, the motion for summary judgment should be granted (C.C.P. 966) . . ."
In the alternative the plaintiff contends that the State Farm policy is ambiguous in that such policy can be interpreted as extending uninsured motorist coverage to all relatives of the named insured. Accordingly, plaintiff argues that the policy should be interpreted in favor of coverage. We find no merit in this contention perceiving no ambiguity in the provisions of the State Farm policy.
For the above and foregoing reasons the judgment of the trial court is affirmed at appellant's cost.
AFFIRMED.
WATSON, J., dissents and assigns written reasons.
WATSON, Judge, dissents and assigns the following reasons:
The majority errs in affirming summary judgment in favor of the defendant insurer.
The trial court granted a motion for summary judgment by State Farm because: "The court finds from reading the deposition of the plaintiff herein; John C. Hamilton, III, that at the time of the accident in question he was not a resident of the household of the named insured, . . ." (TR. 94).
Hamilton, a major, stated in deposition that he had resided in Lafayette for several years while attending college and working; he completed college a few months before the accident; he had not yet moved into his new Lake Charles apartment when the accident occurred and might have resided temporarily at his parents' home in that city until he did; he lived with his parents for four or five months while convalescing from the accident; he has always had a key to their home and his own room; he comes and goes at will without notice or invitation; he keeps some clothes and personal belongings at his parents' home, including all of his stereo equipment, some furniture and paintings; his parents pay for his car insurance as a gift; and he has always used his parents' residence as his permanent address.
The question presented is whether these undisputed facts could reasonably be interpreted in more than one way by a jury. Branam v. Traders & Gen. Ins. Co., 344 So.2d 1073 (La.App. 3 Cir. 1977). If reasonable people could differ as to the appropriate conclusion to be drawn, summary judgment is not warranted. Compare Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367 (La.1976) cert. den., 429 U.S. 833, 97 S.Ct. 97, 50 L.Ed.2d 98. See Employers' Surplus Line Insurance Company v. City of Baton Rouge and Parish of East Baton Rouge, 362 So.2d 561 (La.1978).
It is well established that a given set of facts can form the basis for more than one inference. Canter v. Koehring Company, 283 So.2d 716 (La.1973). "`Whether a person is or is not a resident of a particular place is a question of law and fact, to be determined from all the facts of each particular case, . . .'" Taylor v. State Farm Mutual Auto. Ins. Co., 248 La. 246, 178 So.2d 238 at 242 (1965).
The trial court erred in granting State Farm a summary judgment, because the facts presented do not lead to the inescapable conclusion that Hamilton was not a resident of his father's household.
This court has in the past attempted to clarify the distinction between the terms domicile and residence, as follows:
"Although a person may have only one domicile, that person may have several residences. Manuel v. American Employers Insurance Co., 228 So.2d 321 (La.App. 3 Cir. 1969); LaFleur v. Seaboard Fire & Marine Insurance Co., 296 So.2d 860 (La. App. 3 Cir. 1974). To maintain a residence a person needs only a place or premises which entitles him to return at his convenience without having to request permission of someone else. Hall v. Godchaux, *220 149 La. 733, 90 So. 145 (1921); Fielding v. Casualty Reciprocal Exchange, 331 So.2d 186 (La.App. 3 Cir. 1976)." Hobbs v. Fireman's Fund Am. Ins. Companies, 339 So.2d 28 at 35 (La. App. 3 Cir. 1976) writs denied 341 So.2d 896 (La.1977).
"The jurisprudence reflects that the term `resident' is not to be confused with the term `domicile'. The word `domicile' means `the principle domestic establishment.' A person can have only one `domicile', but may have more than one residence . . . ." Soileau v. Board of Sup'rs, St. Martin Parish, 361 So.2d 319 at 321 (La.App. 3 Cir. 1978).
Plaintiff is entitled to have his residency decided as a factual question by a jury. Since there is a disputed issue, which is a mixed issue of fact and law, State Farm is not entitled to summary judgment. LSA-C.C.P. art. 966. Any doubt as to summary judgment is to be resolved in favor of trial on the merits. Moreaux v. American Mutual Insurance Company, 302 So.2d 686 (La. App. 3 Cir. 1974).
I respectfully dissent.