367 So.2d 1358 (1979)
John L. WHITE et al.
v.
Sarges ROBINSON, Mitchell Robinson and Joan Lyons.
No. 10038.
Court of Appeal of Louisiana, Fourth Circuit.
February 6, 1979.
Writ Refused March 23, 1979.
*1359 O'Keefe, O'Keefe & Berrigan, E. John Litchfield, Charles R. Maloney, New Orleans, for plaintiffs-appellants.
William S. Marshall, Jr., New Orleans, for defendants-appellees.
Before GULOTTA, BOUTALL and GARRISON, JJ.
GARRISON, Judge.
This is an appeal from a summary judgment dismissing an insurer from a lawsuit. We affirm. There is no genuine issue of material fact and the insurer should be dismissed as a matter of law.
John L. White was involved in a collision with an automobile owned by Sarge's Inc., which sells and leases used cars. Georgia Casualty and Surety Company issued an insurance policy to Sarge's Inc. The facts of the accident are not an issue of this appeal. This appeal concerns only the insurance coverage offered by Georgia Casualty and Surety Company.
Appellants, heirs of John White, allege that there is a material issue of fact in that the insurance company's answer refers to Policy No. 13278 whereas Policy No. 15026 was introduced into the record. However, by examining Policy No. 15026 it is clear that it is merely the renewal of Policy No. 13278, and that Policy No. 15026 was in effect on the date of the accident.
The affidavit of R. Keith Edwards, the treasurer of Sarge's Inc., stated that the vehicle involved in the accident had been leased to Mary C. Robinson who was never an agent nor a salesperson of Sarge's Inc. and further, that she was not using the vehicle described in the attached lease agreement while a vehicle owned by her was temporarily left with Sarge's for service or repair. Mr. Edwards stated that Sarge's Inc. does not do repair work. A deposition obtained from Edwards was consistent with his affidavit.
The insurance policy in question provides coverage for Automobile Physical Damage and Garage Insurance. The Automobile Physical Damage Insurance protects the vehicles from property damage pending sale while they are under the control of the insured. Since the car involved had been leased and was not under the control of Sarge's Inc., this coverage is inapplicable and bears no relationship to appellants' claim, based upon the aforementioned collision. The remaining policy coverage provides Garage Insurance. This policy specifically states:
"Exclusions
This insurance does not apply, under the Garage Liability Coverages . . .

*1360 e) to bodily injury or property damage arising out of the ownership, maintenance, use, loading or unloading of any. . .
2) Automobile . . .
ii) while rented to others by the named insured unless to a salesman for use primarily on the business of the named insured . . ."
Thus it is clear that coverage is not provided for the accident in question. The automobile was leased by Sarge's Inc. and a copy of the lease is in the record. The lessee was not a salesman and the car was not being used in the business of the lessor.
The same exclusion clause was interpreted in Matt v. Hartford Accident & Indemnity Company, 212 So.2d 284 (La.App. 3rd Cir. 1968). There the court stated:
"The language used in the exclusion clause in the policy in the instant case is not ambiguous. It must be enforced as written. The policy expressly excludes `any automobile * * * while rented to others by the named insured * * *.'
The facts show this accident happened while the automobile was rented to Vidrine by the named insured." 212 So.2d 284, 286.
Appellants also argue that the policy was "in full force and effect" at the time of the accident. This is true. However, that does not mean that it necessarily provided coverage for the type of accident in question. The instant policy expressly excluded coverage for this type of accident. Andrus v. Police Jury of Parish of Lafayette, 270 So.2d 280 (La.App. 3rd Cir. 1972).
Appellants contend that Georgia Casualty & Surety Company owes its insured a defense. There is no merit in the argument. A defense is owed only when the policy provides coverage. Audubon Coin & Stamp Co. v. Alford Safe & Lock Co., 230 So.2d 278 (La.App. 1st Cir. 1969). See also Champion v. Farm Bureau Ins. Co., 352 So.2d 737 (La.App. 3rd Cir. 1977) writ refused 354 So.2d 1050 (La.).
Summary judgment in this case was proper. The pleadings, affidavits and deposition show that as a matter of law the subject insurance policy simply did not afford coverage to the type of incident involved. Employers' Surplus Line Ins. Co. v. City of Baton Rouge, 362 So.2d 561 (La. 1978).
For the foregoing reasons the judgment appealed from is affirmed.
AFFIRMED.