DOMENGEAUX, Judge.
This tort action is before us on appeal from a judgment of the District Court which sustained a motion for summary judgment filed by one of the defendants, North River Insurance Company (hereinafter, “North River"). The sole question before us is whether there existed a genuine issue of material fact as to defendant, David Welch, Sr.’s coverage under the policy of insurance issued by North River sufficient to preclude the use of summary judgment.
The original defendant in this suit is David Welch, Sr., who was employed at the time of the accident in question as a guard by Russie Earl Odom for the purpose of keeping trespassers, hunting violators, poachers, etc., off the Odom property located in Cameron Parish, State of Louisiana. In furtherance of these duties, Welch was commissioned as a “Special Deputy Sheriff” under the authority of the Cameron Parish Sheriff’s Department. He was issued a sheriff’s badge as a result of his commission, and he was instructed by the sheriff’s department to be armed while on duty.
Mr. Welch worked for approximately eight hours per day; however, he was customarily on twenty-four hour call to his employer should his services be required. As a consequence, he stored his firearms utilized during his working hours in his home, when he was not on duty. Residing with Mr. Welch at his home was his minor son, who had ready access to the cabinet in which his father stored his firearms.
On February 11,1976, Welch’s son discovered one of his father’s rifles, which he occasionally used in his employment, in the bedroom of the home. The rifle actually belonged to defendant’s brother-in-law, but Welch was trying it out with a view of perhaps purchasing the gun. Young Welch picked up the gun and was attempting to uncock the rifle when it discharged, the bullet striking Gregory Labit in the lower leg and abdomen area of the body. At the time of the accident, defendant David Welch, Sr. was off-duty, drinking a few beers in a nearby tavern.
Plaintiffs, Gerald Labit and his son, Gregory Labit, (who was a minor at the time this suit was filed, but has since become a party-plaintiff) initiated this action against the defendant, alleging that the accident was caused by young Welch’s negligence, and that of his father, in failing to keep the weapon in a secure location out of the reach of his young son. Plaintiffs filed a supplemental and amending petition naming as defendant, Russie Earl Odom, and asserting that defendant was acting within the course and scope of his employment when the accident occurred, thus contending that Odom was liable for the negligence of his employee, Welch. Petitioner further amended his original claim to name North River as a defendant based upon a policy of insurance issued by it to the Cameron Parish Sheriff’s Department, which provided for liability protection to the sheriff’s department to cover the negligent acts of the sheriff’s deputies which occurred in the course and scope of their employment.
Defendant, North River, answered plaintiff’s petition with a general denial and filed a motion for summary judgment contending that there was no dispute as to any material fact upon which their liability was based, and, as a matter of law, they were entitled to judgment. After a hearing, the trial judge entered judgment in favor of the defendant, North River, and dismissed plaintiffs’ suit against it. From this judgment, plaintiffs now appeal.
Attached to North River’s motion for summary judgment is a copy of the insurance policy issued by defendant North River to the Cameron Parish Sheriff’s Department. It provides in part:
*141 “INSURING AGREEMENTS

“SECTION I

“Comprehensive General Liability Insurance

“The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages to which this policy applies because of:
“COVERAGE A — Bodily Injury
“ ‘Bodily Injury’ means bodily injury, sickness or disease sustained by any person accidentally caused by any act of the insured while acting within the scope of his duties as a law enforcement officer; or tax collector; ‘damages’ include damages for death and for care and loss of service resulting from bodily injury;
. ” (Emphasis added)
Plaintiffs contend that defendant, North River, is liable for the injuries sustained by Gregory Labit as a result of this insurance policy for the reason that defendant, David Welch, Sr., was required to keep firearms used by him as a special deputy sheriff in his home due to the fact that he was on twenty-four hour call to his employer. On appeal, plaintiffs assert that the issue as to the scope of Welch, Sr.’s law enforcement duties is a factual question which has not been resolved and therefore the trial court erred in granting defendant’s motion for summary judgment.
The undisputed and uncontested facts evident from the pleadings, the affidavits and the depositions filed into the record indicate that the injury sustained by Gregory Labit was not caused by any act of Mr. Welch which occurred during the course or scope of his duties as a special deputy sheriff. At the time of the accident, Mr. Welch was not working in his official capacity but was a local bar drinking a few beers. (Tr. 88). Mr. Welch was not present when the accident took place; he was not engaged in any official capacity; he did not perform any official act directly resulting in plaintiff’s injuries. (Tr. 88). The rifle in question was not owned by the defendant nor was it used exclusively for Mr. Welch’s job related activities. (Tr. 85, 89). In fact, Mr. Welch’s employer did not even require him to carry a firearm, and it was only upon the suggestion of the sheriff’s department that defendant began to carry a weapon while patroling Mr. Odom’s estate. (Tr. 90).
The trial judge analogized the factual situation before him with the facts in the case of Valence v. State, 280 So.2d 651 (La.App. 1st Cir. 1973), writ refused 282 So.2d 517 (La.1973). In Valence, the plaintiff’s son was shot with a loaded pistol that had been taken by an older brother from the unlocked glove compartment of a state police officer’s private car. The trooper had been issued the gun by the State of Louisiana for use both on and off duty. The First Circuit held that the State was not liable as the officer’s employer for the plaintiff’s injuries because the trooper was not performing any service in connection with his employment at the time of the accident nor in any manner was he advancing his employer’s business or interests when the shooting occurred. Thus, the court found that the defendant was not acting within the course and scope of his employment. Although the Valence case was a trial on the merits, and not for summary judgment, it nevertheless resulted in a legal conclusion as to whether or not the trooper in question was acting within the course and scope of his employment.
Defendant, Welch, Sr., first gave a deposition which clearly showed that he was not acting within the scope of his duties at the time of the accident in question. Shortly thereafter he signed an affidavit which stated that he was sworn in as a Special Deputy Sheriff for Cameron Parish so that he could be employed by Odom, and in that connection was issued a badge, and that Odom paid for his bond. He further stated that he was paid no funds or salary by the Sheriff’s Department, but was paid a salary by Odom. Additionally, it was stated that he had authority to arrest trespassers, etc., and to do any type of work that a Deputy Sheriff of Cameron Parish might be able to do. A few days later he signed a second affidavit in which he stated “that it was within his duties to store firearms at his *142 home at night and during off duty hours, as part of his employment at [sic] a ‘Special Deputy Sheriff.’ ” This latter statement is not evidence concerning scope of employment. It is a legal conclusion on an issue of law which is not to be decided by the affi-ant, but rather, is to be decided by the Court. Daigle v. Cobb, 175 So.2d 392 (La. App. 4th Cir. 1965).
We find, as did the trial judge, that North River has established that Mr. Welch was not acting within the course and scope of his duties as a law enforcement officer at the time of this accident. Mr. Welch was engaged in no activity which in any manner contributed or fostered his employer’s business or other interests. This is a legal conclusion reached by the court upon an examination of the undisputed facts presented from the pleadings, affidavits and depositions made part of the record. The jurisprudence has clearly established that where the evidence is without dispute and contains every fact material to a final determination, then the ultimate conclusion based upon those facts as to whether coverage of a policy extends to a particular individual or activity is a question of law. White v. Robinson, 367 So.2d 1358 (La.App. 4th Cir. 1979); Hamilton v. State Farm Mutual Automobile Insurance Company, 364 So.2d 215 (La.App. 3rd Cir. 1978), writ refused, 366 So.2d 915 (1979). See also Chaisson v. Domingue, 365 So.2d 1115 (La. App. 3rd Cir. 1978).
North River has the burden of showing that there is no genuine issue of material fact in dispute contained within the record and that as a matter of law, it is entitled to a summary judgment. La.C.C.P. Articles 966, 967; Employers’ Surplus Line Insurance Co. v. City of Baton Rouge, 362 So.2d 561 (La.1978); Hamilton v. State Farm Mutual Automobile Insurance Co., supra. Defendant herein has sustained this burden. Where evidence submitted on a motion for summary judgment leaves no relevant, genuine issue of fact and when reasonable minds will significantly conclude that the movant is entitled to a judgment on the facts before the court, then summary judgment is granted. Mecom v. Mobil Oil Corp., 299 So.2d 380 (La.App. 3rd Cir. 1974), application denied 302 So.2d 308 (La.1974); Employers’ Surplus Line Insurance Co. v. City of Baton Rouge, supra.
For the above and foregoing reasons, the judgment of the trial court is affirmed and all costs of this appeal are assessed against the plaintiffs-appellants.
AFFIRMED.