SEXTON, Judge.
The plaintiff in this pedestrian-automobile accident case appeals the trial court’s granting of the defendant’s (Allstate Insurance Company) motion for summary judgment. By granting the defendant’s motion, the trial court found that under the terms of the defendant insured’s policy, the owner of the offending automobile was a resident of the defendant insured’s household and therefore the automobile was not covered by the defendant insured’s policy of insurance and thus, defendant insurer is not liable under its policy. We affirm.
On November 9, 1977, the minor, Loxi Jeffreys, was walking on the sidewalk leading to the entrance of a convenience store located at 8315 Wyngate Street, Shreveport, Louisiana. Before reaching the entrance, Loxi Jeffreys was struck by an automobile that had lurched forward and jumped the curb. Loxi was knocked to the ground and severely injured. The automobile was owned by Donna Waldon and at the time of the accident was being operated with the owner’s permission by Kathryn Mixon, the minor daughter of Mr. and Mrs. John D. Mixon. Also at the time of the accident Donna Waldon, who is Mrs. Mix-on’s daughter and Mr. Mixon’s stepdaughter, was physically living in the home of Mr. and Mrs. Mixon. These facts are uncontested.
The contest at the trial level was whether Donna Waldon was a “resident” of the Mix-on “household.” The issue is significant because if Donna is found to be a resident of the Mixon household, no coverage will exist under the terms of the policy of insurance between the defendant insurance company and the defendant insured. However, if Donna is found not to be a resident of the Mixon household, the defendant insurer may be liable under its policy for the accident caused by the insured’s daughter’s operation of a “non-owned” automobile.
Pertinent excerpts from Allstate’s policy of insurance with Mr. Mixon are reproduced as follows:
Section I — Liability Protection

The following persons are insured under this Section

1. The named insured with respect to the owned or non-owned automobile provided the use of such non-owned automobile is with the permission, or reasonably believed to be with the permission, of the owner and is within the scope of such permission;
2. Any resident of the named insured’s household with respect to the owned automobile;
******

Definitions of words used under this Section

1. Persons Insured
(a) “insured” means any person or organization listed as insured in this Section;
*334 (b) “named insured” means the individual named in the declarations, and his spouse if a resident of the same household; and
(c) “relative” means a relative of the named insured who is a resident of the same household.
2. Automobiles Covered
(a) “automobile” means a land motor vehicle designed by use principally upon public roads;
(b) “owned automobile” means the vehicle described in the declarations, and, as defined herein, any replacement automobile, any additional automobile, any temporary substitute automobile, and any trailer owned by the named insured; however, this definition shall not apply under any coverage unless a premium is charged for the application of such coverage with respect to such vehicle;
* * ‡ ‡
(f) “non-owned automobile” means an automobile, including a trailer, not owned by, or furnished or available for the regular use of, the named insured or any resident of his household other than a temporary substitute automobile, provided the use thereof is with the permission of the owner;
3. Miscellaneous

******

(e) “residentV or “reside” means, when used with reference to the named insured’s household, bodily presence in such household and an intention to continue to dwell therein. However, the named insured’s unmarried and un-emancipated children, while away from his household attending school or in the military service, are deemed to be residents of his household.
The undisputed facts regarding Donna Waldon’s presence in the Mixon home show that Donna had separated from her second husband after four months of marriage and had moved back into her mother and stepfather’s home, bringing her clothes and belongings with her. It was further revealed that after her separation she could not afford an apartment of her own and had no residence other than with the Mixons. At the time of the accident, Donna had been physically present in the Mixon household for three weeks. Her stay ultimately lasted five months. During the time Donna was physically present in the Mixon home, she shared a bedroom with Kathryn Mixon, she took her evening meals with her mother, stepfather, and stepsister, and she contributed $20.00 per week as “rent.”
The defendant — insurer, Allstate Insurance Company, filed a motion for summary judgment and supporting deposition testimony. Plaintiff filed no opposing affidavits or other opposing evidence. Upon considering the depositions presented and the lack of dispute as to the facts surrounding Donna Waldon’s physical presence in the Mixon home, the trial court granted the defendant’s motion for summary judgment, thus dismissing the plaintiff’s claim. In its “OPINION ON MOTION FOR SUMMARY JUDGMENT” the trial court stated:
“There is no question as to Donna Wal-don’s physical presence in the Mixon household. Therefore, the final question is whether she had an intention to continue to dwell therein. The court is not faced with the situation where a person has moved into a house and, during the first week of staying in the house, a decision must be made as to whether the person intends to continue to dwell therein.
The facts show that Donna Waldon remained in this house for a period of approximately five months and, coupled with the deposition testimony presented, the court rules that she did intend to continue to dwell in the Mixon household. Neither the policy nor the jurisprudence requires that a person intend to dwell in a particular household for any set period of time before meeting the definition contained in this policy. The court does not at this time establish a five month cutoff, nor does the court say that one day would be sufficient. The court simply rules that based on the facts of this case that there *335 was an intention to continue to dwell in the Mixon household.”
The issue on appeal involves the propriety of the use of the summary judgment in this case in which the plaintiff had requested a jury trial. LSA-C.C.P. Arts. 966 and 967, which provide the statutory basis for the application of summary judgment in Louisiana, read as follows:
Art. 966. Motion for summary judgment; procedure
The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed. The plaintiff’s motion may be made at any time after the answer has been filed. The defendant’s motion may be made at any time.
The motion for summary judgment shall be served at least ten days before the time specified for the hearing. The adverse party may serve opposing affidavits prior to the day of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. As amended Acts 1966, No. 36, § 1.
Art. 967. Same; affidavits
Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or by further affidavits.
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleadings, but his response, by affidavits or an otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
If it appears from the affidavits of a party opposing the motion that for reasons stated he cannot present by affidavit facts essential to justify his opposition; the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.
If it appears to the satisfaction of the court at any time that any of the affidavits presented pursuant to this article are presented in bad faith or solely for the purposes of delay, the court immediately shall order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused him to incur, including reasonable attorney’s fees. Any offending party or attorney may be adjudged guilty of contempt. As amended Acts 1966, No. 36, § 1.
More specifically, the plaintiff argues that the determination of Donna Waldon’s status, either resident or nonresident, is a material question of fact about which a genuine issue exists and therefore, the defendant’s motion for summary judgment was improperly granted. The granting of a summary judgment is proper if, and only if, the pleadings, depositions, answers to interrogatories, admissions on file, together with affidavits, if any, show that there is no genuine issue as to a material fact, and that mover is entitled to a judgment as a matter of law. Chaisson v. Domingue, 372 So.2d 1225 (La.1979); Jewell v. Thompson, 386 So.2d 689 (La.App. 3d Cir. 1980).
Thus the crux of the plaintiff’s contention on appeal involves whether the trial court in its granting of the defendant’s motion for summary judgment made a factual determination regarding the issue of Donna Waldon’s status in the Mixon household. The plaintiff contends that the deter *336 mination of that status is a question of fact and therefore should have been determined by the jury. Hernandez v. Comco Insurance Company, 357 So.2d 1368 (La.App. 4th Cir. 1978), writs denied, 359 So.2d 1305 (1978). In Hernandez the court stated the following:
“... The problem of defining the word ‘household’ has been faced by innumerable courts with no clear or easy resolution. See 19A Words and Phrases Household (West 1970). Ultimately, whether a person is a member of a given household is a question of fact, to be determined after consideration of all the circumstances.”
In the case at bar however, the facts regarding the physical presence of Donna Waldon in the Mixon household, her reasons for being there, her relation to Mr. and Mrs. Mixon, her activities while there and the length of her stay are not disputed. Thus the sole question presented to the trial court on the motion for summary judgment was whether, under the undisputed facts, Donna Waldon’s status was that of a resident of the Mixon household as defined by the terms of the insurance policy held by Mr. Mixon. This involves not a determination of fact, but “rather, an application of uncontested facts to the terms of a contract and thus summary judgment is appropriate. See Labit v. Welch, 375 So.2d 139 (La.App. 3d Cir. 1979), writs denied, 376 So.2d 1271 (1979), wherein the court stated the following:
“... The jurisprudence has clearly established that where the evidence is without dispute and contains every fact material to a final determination, then the ultimate conclusion based upon those facts as to whether coverage of a policy extends to a particular individual or activity is a question of law. White v. Robinson, 367 So.2d 1358 (La.App. 4th Cir. 1979); Hamilton v. State Farm Mutual Automobile Insurance Company, 364 So.2d 215 (La.App. 3rd Cir. 1978), writ refused, 366 So.2d 915 ([La.] 1979). See also Chaisson v. Domingue, 365 So.2d 1115 (La.App. 3rd Cir. 1978).”
See also Hamilton v. State Farm Mutual Automobile Insurance Company, 364 So.2d 215 (La.App. 3rd Cir. 1978), writ refused, 366 So.2d 915 (La.1979), which deals specifically with the issue of the applicability of summary judgment to the determination of residency under the terms of an automobile insurance policy. The court in Hamilton resolved this issue as follows:
“... Whether a person is or is not a resident of a particular place is a question of law and fact. Taylor v. State Farm Mutual Automobile Insurance Co., 248 La. 246, 178 So.2d 238 (1965). Once all the facts are marshaled, and it is made to appear that the marshaled facts are without dispute, then the ultimate conclusion as to residency becomes a question of law, i.e., whether such facts disclose residency of a particular place as a matter of law and within the meaning of the policy of insurance in question. See Ladner v. Andrews, 216 So.2d 365 (La.App. 3rd Cir. 1968) in which this very same issue was disposed of on motion for summary judgment; ...”
We now determine that the defendant has successfully borne his burden under LSA-C.C.P. Arts. 966 and 967, that there is no genuine issue of material fact in dispute contained within the record and that as a matter of law, it is entitled to a summary judgment.
For the assigned reasons, the judgment of the trial court is affirmed and all costs of this appeal are assessed against the plaintiffs-appellants.
AFFIRMED.