HARDY, Judge.
This is a suit in which the plaintiff, Elmer C. Hunter, seeks to recover from the defendant, J. Linwood Inabnett, the amount of his bill for repairs to an automobile belonging to Rev. Dan L. Robinson on the ground that the said defendant had assumed liability for payment for said repairs. From a judgment in favor of defendant rejecting plaintiff’s demands he has appealed.
The issue presented on this appeal is purely factual. After trial the district judge dictated into the record his reasons for judgment in which he stated that plaintiff had failed to make out his case and that none of plaintiff’s witnesses had testified that defendant agreed to pay for repairs to the Robinson car. The district judge opined that the parties appeared to be proceeding upon the basis of unsubstantiated assumptions, none of which justified holding defendant liable for plaintiff’s claim.
*771 The facts involved have been largely-established without dispute. The automobiles belonging to the defendant Inab-nett and the Rev. Robinson, driven by the minor sons of the respective parties, were involved in an accident in which both cars were substantially damaged. Defendant is in the insurance business and it appears that upon his advice Robinson procured three bids for repairs to his car, the lowest of which was submitted by plaintiff Hunter. Unquestionably defendant did advise Robinson to take his car to Hunter’s Body Shop for repairs, and, further, defendant contacted Hunter to advise him that the Robinson car would be brought to his shop. After investigation of the accident by an adjuster, defendant’s insurer declined liability in connection with the accident. The evidence establishes the fact that defendant was never presented with a bill for the repairs, but both plaintiff, Hunter, and Robinson appear to have interpreted defendant’s actions as a promise to pay for the repairs to the Robinson car.
The district judge, as we have above noted, found that there was no justification in fact for this conclusion and with this finding we are in complete accord.
Study of the testimony of the parties involved discloses that plaintiff testified he had never presented the defendant with a bill; Robinson testified that the defendant had never personally assumed the responsibility for payment of the bill “except his relation as representative of the company.” The defendant denied any promise to pay, and maintained that his actions in connection with the matter had been taken only in accordance with the approved procedure of the insurance company which he represented.
It seems abundantly clear that defendant was acting as an insurance representative; that he did not in any way obligate himself personally, and that after his insurer declined liability he considered that he had no further responsibility.
Under these factual circumstances we perceive no error in the judgment, and, accordingly, it is affirmed at appellant’s cost.