AYRES, Judge.
This is an action to recover of the defendant for services allegedly performed by plaintiff on a truck owned and operated by one Preston Speight. Plaintiff alleged an agreement with the defendant, under the terms of which the latter agreed to pay for said repairs. Plaintiff claims an additional sum for repairs to the personal automobile of defendant.
Under the assumption that plaintiff’s claim was predicated upon defendant’s alleged promise to pay the debt of a third person, defendant filed and urged an exception of no cause and of no right of action, first, on the ground of plaintiff’s failure to allege that defendant had, by written agreement, promised to pay the debt of the said Preston Speight and, second, on plaintiff’s failure to specify the items of the account. The second of these specifications of error is in the nature of a plea of vagueness to which was also directed a motion and prayer for oyer of the account sued upon. The minutes do not reflect what, if any, action was taken with respect to the latter motion; and, since the motion and prayer is not urged here, it may be considered as abandoned. The exception of no cause and of no right of action was, without objection, referred to the trial on the merits of the case, after which the case thus proceeded to trial on issues tendered by defendant’s answer, constituting a denial generally of the allegations of plaintiff’s petition. After trial, the exception was overruled and, on the merits, judgment was rendered in plaintiff’s favor as prayed for. From the judgment thus rendered and signed, defendant has appealed.
In this Court defendant has filed and urges another exception of no cause and of no right of action predicated upon the contention that plaintiff corporation had no legal existence as such at the time of the performance of the services for which compensation is sought by this action and consequently no such capacity at the time of the alleged agreement between plaintiff and defendant.
 This exception is, in our opinion, without merit. As one of no right of action, the exception is directed against plaintiff’s corporate capacity and is an effort to inject an issue as to plaintiff’s corporate existence. Such an exception is dilatory in character and should have been filed and urged in limine litis. According to Code Prac. Art. 332, “Dilatory exceptions are such as do not tend to defeat the action, but only to retard its progress * * Code Prac. Art. 333, relating to the time dilatory exceptions must be tendered, contains the following provision:
“Hereafter no dilatory exceptions shall be allowed in any case after a judgment by default has been taken; and in every case they must he pleaded in limine litis and at one and the same time, otherwise they shall not be admitted; nor shall such exceptions hereafter be allowed in any answer in any cause.” (Emphasis supplied.)
Therefore, it is made very clear by the quoted codal article that dilatory exceptions must be pleaded in limine litis. They may not even be pleaded in an answer. The failure to urge a dilatory plea before join-der of issue constitutes a waiver of the defendant’s rights to maintain the plea. Strudwick Funeral Home, Inc., v. Crawford, La.App., 35 So.2d 838; Equipment Finance Corporation v. Atkins, 19 La.App. 334, 139 So. 154.
 The exception as one of no cause of action is likewise untenable, particular *636 ly in view of the evidence introduced upon the trial of the merits of the case. The purpose of the exception was to provide a corroborating fact or circumstance tending to support defendant’s denial of the existence of an agreement between plaintiff and defendant wherein defendant agreed to pay for the repairs to the aforesaid motor vehicle. That was an issue already presented to and rejected by the trial court after hearing the evidence. When a peremptory exception of no cause of action is referred to the merits and evidence is admitted without objection tending to establish facts which, if alleged, would have disclosed a cause of action, the petition is thereby, in effect, amended and the defects complained of by the exception cured. Bell v. Globe Lumber Company, Limited, 107 La. 725, 31 So. 994; Anderson v. Harvey & Jones, La.App., 154 So. 495.
The record discloses that Lowrey Motor Company, unincorporated, which performed the services constituting the account upon which this action was brought, was incorporated as Lowrey Chevrolet, Inc. Robert Louis Lowrey, Sr., president and general manager of the corporation, testified without objection to the aforesaid agreement with the defendant and as to the correctness of the account; that the amount thereof was due by defendant to plaintiff corporation. By this testimony it is established the account was an asset of plaintiff.
Defendant raised no contention in the trial court as to plaintiff’s corporate existence. The defenses were directed to a denial of the existence of the contract predicated primarily upon the parol evidence rule prohibiting the establishment of an obligation of one to pay the debt or obligation of a third party by parol testimony.
On trial of the merits, while the testimony offered by the contending parties is in conflict, the trial court concluded the account was an asset of plaintiff and an obligation due directly by defendant; and that the parol evidence rule was therefore without application.
A detailed discussion of the evidence appears unnecessary. From our appreciation of the record, we concur in the conclusions of the trial court that the account sued upon was a direct obligation of the defendant and not an obligation of Preston Speight. The evidence establishes that defendant agreed, in advance, to make payment of such repairs to the Speight vehicle as defendant or his wife authorized. For the repairs presently concerned, such authorizations were procured before the repairs were' made. The issue on the merits was therefore a question of fact. The trial judge saw and observed the witnesses and heard their testimony, and after trial reached the aforesaid conclusions in which we fail to' find any manifest error. However, it is, our own conclusion that the judgment rendered is amply supported by the evidence.
The judgment appealed is, therefore, affirmed at appellant’s cost.
Affirmed.