LUTHER E. HALL, Judge pro tem.
Plaintiff, a corporation engaged in the automobile repair business, sued defendant for $354.74, representing repairs performed by plaintiff on defendant’s automobile.
From a judgment in favor of plaintiff, defendant prosecutes this devolutive appeal.
The record shows that the automobile in-question had been stolen from a parking lot where defendant had placed it. Several days later it was found by the New Orleans Police in a “stripped condition”. Upon being informed by the police that his car had been found and where it was then located, defendant relayed the information to Mr. Miller, a self-employed independent insurance adjuster, who had been engaged in the case by the defendant’s theft insurer. Upon receiving this information Mr. Miller telephoned plaintiff’s garage and asked them to-get the car and tow it to their repair shop.
Several days later plaintiff’s shop foreman requested defendant to come to the shop and go over the car and point out what had been stolen or damaged by the thief or thieves and defendant did so. There then arose some question of white wall tires, defendant insisting that he had had white wall tires on the car before it was stolen. Thereupon the shop foreman telephoned Mr. Miller, the adjuster, who told him, “If he says he had white wall tires he is entitled to a white wall tire replacement”, and that white wall tires would be acceptable on the estimate.
After the car had been thoroughly checked over by the shop foreman assisted by the defendant, as above set forth, the foreman telephoned the adjuster and checked off the items to him and the adjuster approved the list. Subsequently the foreman forwarded an estimate to the adjuster. No estimate was sent to the defendant.
After the work was completed the defendant came to the shop, got the car, and drove off.
In the meanwhile, the defendant’s insurance carrier became involved financially and was placed in liquidation.
*453 About a month later plaintiff billed defendant for the repairs.
Defendant contends that he is not responsible for the repair bill. He contends, and the record shows, that he had nothing to do with the selection of plaintiff’s garage, that he did not place the car in plaintiff’s shop, that he ordered no repairs but merely pointed out at plaintiff’s request what had been stolen or damaged, that he received no estimate, agreed on no price, was never told that plaintiff was looking to him for payment, was permitted without question to take the repaired car out of the shop, and was never billed until after plaintiff learned the insurance company could not pay.
The record moreover shows that plaintiff knew that Mr. Miller was an insurance adjuster, had frequently done business with him as such and thought that Mr. Miller was representing an insurance company throughout, but did not know which one.
Defendant contends that this is a suit on a contract, that he made no contract with plaintiff and suggests that the insurance company, and not he, is liable for the repairs.
It is obvious that in all their dealings both plaintiff and defendant anticipated and contemplated that the insurance company would pay for the repairs either directly or indirectly.
There is some question whether the insurance company had any right or obligation to undertake the repairs itself or whether its sole right and obligation was to reimburse defendant for the cost of repairs made by him. This could only be determined by considering the terms of the insurance policy.
Since the policy was not introduced in evidence in the trial court defendant made an effort to get it into the record by stipulation in this Court, but was unsuccessful.
We are of the opinion that the policy is material to and possibly decisive of the issues in this case and for this reason the judgment appealed from is set aside and this case is remanded so that the policy may be admitted in evidence and the case then be reconsidered by the trial court. Plaintiff is cast for the costs of this appeal; all other costs are to await a final determination of the case.
Judgment set aside and remanded.