CHASEZ, Judge.
This case is on appeal for the second time. Plaintiff corporation sues defendant to recover $354.00 for certain repairs it made on defendant’s automobile. Defendant resists plaintiff’s demand on the ground that he was not a party to the contract for repairs. Instead, he alleges that the only parties bound on the contract were plaintiff and defendant’s insurance company.
After a trial on the merits, judgment was rendered in the lower court in favor of plaintiff. Defendant prosecuted a devolu-tive appeal to this court and we remanded the case for the purpose of making the insurance policy a part of the record. See General Auto Service, Inc. v. Lombard, La. App., 128 So.2d 451. On remand, the policy was introduced into evidence and the lower court then rendered judgment in favor of defendant. From this judgment plaintiff has appealed.
In our original opinion we stated the facts of the case as follows:
“The record shows that the automobile in question had been stolen from a parking lot where defendant had placed it. Several days later it was found by the New Orleans Police in a ‘stripped condition’. Upon being informed by the police that his car had been found and where it was then located, defendant relayed the information to Mr. Miller, a self-employed independent insurance adjuster, who had been engaged in the case by the defendant’s theft insurer. Upon receiving this information Mr. Miller telephoned plaintiff’s garage and asked them to get the car and tow it to their repair shop.
“Several days later plaintiff’s shop foreman requested defendant to come to the shop and go over the car and point out what had been stolen or damaged by the thief or thieves and defendant did so. There then arose some question of white wall tires, defendant insisting that he had had white wall tires on the car before it was stolen. Thereupon the shop foreman telephoned Mr. Miller, the adjuster, who told him, ‘if he says he had white wall tires he is entitled to a white wall tire replacement’, and that white wall tires would be acceptable on the estimate.
“After the car had been thoroughly checked over by the shop foreman assisted by the defendant, as above set forth, the foreman telephoned the adjuster and checked off the items to him and the adjuster approved the list. Subsequently, the foreman forwarded an estimate to the adjuster. No estimate was sent to the defendant.
“After the work was completed the defendant came to the shop, got the car, and drove off.
*538 “In the meanwhile, the defendant’s insurance carrier became involved financially and was placed in liquidation.
“About a month later plaintiff billed defendant for the repairs.
“Defendant contends that he is not responsible for the repair bill. He contends, and the record shows, that he had nothing to do with the selection of plaintiff’s garage, that he did not place the car in plaintiff’s shop, that he ordered no repairs but merely pointed out at plaintiff’s request what had been stolen or damaged, that he received no estimate, agreed on no price, was never told that plaintiff was looking to him for payment, was permitted without question to take the repaired car out of the shop, and was never billed until after plaintiff learned the insurance company could not pay.
“The record moreover shows that plaintiff knew that Mr. Miller was an insurance adjuster, had frequently done business with him as such and thought that Mr. Miller was representing an insurance company throughout, but did not know which one.
“Defendant contends that this is a suit on a contract, that he made no contract with plaintiff and suggests that the insurance company, and not he, is liable for the repairs.
“It is obvious that in all their dealings both plaintiff and defendant anticipated and contemplated that the insurance company would pay for the repairs either directly or indirectly.
“There is some question whether the insurance company had any right or obligation to undertake the repairs itself or whether its sole right and obligation was to reimburse defendant for the cost of repairs made by him. This could only be determined by considering the terms of the insurance policy.”
The relevant provisions of the insurance policy provide as follows:
“Part III — Physical Damage
******
“Coverage H — Theft: to pay for loss to the owned automobile or to a non-owned automobile caused by theft or larceny.
******
“Conditions
******
“10. Payment of Loss — Part III: The company may pay for the loss in money or may repair or replace the damaged or stolen property. * * * ’!
The terms of the policy thus demonstrate that defendant’s insurer was obligated either to pay defendant directly for his loss or to have the stolen articles replaced. Hence the company had a right to contract with plaintiff for the repair of defendant’s automobile.
The decision in this case rests on two questions: (1) Did plaintiff make the contract for repairs with defendant’s insurance company or with the defendant himself? (2) If the contract was made with defendant’s insurer, can plaintiff nevertheless recover from defendant for the benefits he received from plaintiff’s labor and materials ?
The record indicates that the only dealings defendant ever had with plaintiff was to inform plaintiff’s foreman what parts of his automobile were damaged or stolen by the unknown thief. Defendant did not select plaintiff’s garage to make the repairs, nor did he conduct any negotiations with plaintiff’s employees. On the other hand, plaintiff had done business on numerous prior occasions with Mr. Miller, the adjuster, who was presumed by plaintiff’s foreman to be acting on behalf of defendant’s insurance company. When some dispute arose as to exactly what articles had *539 to be replaced, plaintiff’s foreman looked to the insurance adjuster for instructions. When the foreman completed the list of items needing repair or replacement, both the list and the final cost estimate were submitted to the adjuster for approval. Moreover, plaintiff’s employee freely allowed defendant to drive his automobile away from the shop after the repairs were completed, and he was not requested to pay the repair bill until after the insurance company had been placed in liquidation.
It has been generally held that in situations similar to the present one the court must determine who the parties to a contract are from all the facts and circumstances of the case. See Lowrey Chevrolet, Inc. v. Foster, La.App., 115 So.2d 634; Hunter v. Inabnett, La.App., 106 So.2d 770, 771; Haney v. Maryland Casualty Co., La.App., 74 So.2d 332. In the present case the record amply demonstrates that plaintiff contracted with the insurance adjuster for the repair of defendant’s automobile, and not with the defendant himself. There is thus no contractual relation between the plaintiff and the defendant in this suit.
It is an elementary rule that only a party to a contract can be bound by its provisions. This rule applies to ordinary contracts as well as to contracts made for the benefit of third persons. 17 C.J.S. Contracts § 520, p. 1143. In Louisiana, the case of Bancroft, Ross & Sinclair Ltd. v. Wisner, 8 Orleans App. 357 is controlling. There, one of the defendants had personally contracted with plaintiff to repair a boat belonging to the other defendant. The second defendant filed an exception of no cause of action on the ground that it was not a party to the contract. The court dismissed the suit against the second defendant and held that a plaintiff who sues for the value of services rendered under a contract with one person cannot recover from another person who did not employ him, however valuable the result of the service may have been to the other person.
 In the present case, there is no doubt that defendant received the benefit of the plaintiff’s labor and materials. However, under Louisiana law an individual cannot be bound by a contract between two strangers, even though the contract was made expressly for his benefit. Therefore, plaintiff’s contention that defendant is liable for the labor and materials he expended on defendant’s automobile is without merit.
For the foregoing reasons, the judgment of the lower court is affirmed.
Affirmed.