FRUGÉ, Judge.
This is an appeal from a summary judgment. On September 5, 1967, while working for Langston & Company, James M. Johnson was electrocuted while operating an electric air hammer. Langston & Company was a subcontractor on a building *24 project involving the Towntalk office building in Alexandria, Louisiana. The plaintiffs, Queen Esther Johnson, widow of the decedent, and his daughter, Vera Johnson Baker brought this action against Skil Corporation, manufacturer of the air hammer; Lumbermens Mutual Casualty Company, its insurer; and William A. Lanier and Carroll E. Lanier, d/b/a Lanier Electric Company, the electrical subcontractor. Lumbermens Mutual Casualty Company also being the workmen’s compensation insurer for Langston & Company, intervened. Subsequent to the pleadings, plaintiffs entered into a settlement with Skil Corporation and Lumbermens Mutual Casualty Company, in both its capacities as the insurer for Skil Corporation and as the workmen’s compensation inter-venor.
The allegations against Lanier Electric Company were to the effect that Lanier Electric Company had installed the electric wall outlet into which the electric hammer was plugged at the time of the accident; that the Lanier Electric Company had installed certain multi-breakers or circuit breakers in the electric lines of the building which affected the electric wall outlet into which the hammer was plugged, and that the death of the decedent was due to failure of Lanier Electric Company to properly wire and install the electric wall outlet and to properly install the multi-breakers or circuit breakers controlling the outlet.
Defendants filed a Motion for Summary Judgment and included an affidavit by Carroll E. Lanier stating that the circuit breakers and electric outlet had been installed many years before the accident; and that Lanier Electric Company had not performed any work in relation to these devices. After the original Motion for Summary Judgment had been filed, plaintiffs filed an Opposition to Motion for Summary Judgment in which they allege on information and belief that Lanier Electric Company had entered into a contract which obligated them “to inspect, change and/or modify any of the electric wiring, insulation or apparatus” in the Alexandria Towntalk project, including the old and new building; and that as a result of their failure to examine, change, modify and/or correct electrical wiring in the new building in which James M. Johnson was electrocuted, they are responsible for his death. Along with the Opposition, plaintiffs attached an affidavit of one of the plaintiffs, Queen Esther Johnson, which affidavit was made on information and belief as to the allegations contained in the Opposition as to the nature of the contract and the duty under which plaintiffs contend that Lanier Electric Company was bound.
After the hearing on the Motion for Summary Judgment, the court permitted the plaintiffs to amend their pleadings, and to file affidavits or depositions in opposition to the Motion for Summary Judgment. Plaintiffs then filed supplemental and amending petitions alleging that Lan-ier Electric Company:
“ * * * had entered into a contract with McCormick and Company, d/b/a Town Talk, which contract bound said defendants (Lanier), to perform certain investigations and work on the premises to, during and after work had commenced on the addition, that pursuant to the terms of said contract, Lanier was to determine the adequacy of existing and future electrical wiring, apparatuses and appliances; yet notwithstanding this obligation to determine the safety etc. of these electrical circuits etc. defendants individually and/or d/b/a Lan-ier Electrical Company failed to inspect or erred in the inspection which they did make and as a result of the use of an electrical outlet which was pre-exist-ing the new work, the decedent in using same was electrocuted when, because of the defective condition of said outlet, he was electrocuted;”
This amended petition was accompanied by a deposition of Carroll Lanier taken to prove this point of the petition. After *25 the plaintiffs had filed their supplemental allegations, defendants filed a Supplemental Motion for Summary Judgment and attached thereto the affidavit of Carroll E. Lanier in which he stated that Lanier Electric Company had no reason to inspect and did not inspect, change, handle or work in any way upon the electrical outlet in question prior to the accident. The existing electrical outlet which was used by the plaintiffs’ decedent had no connection with or affect of any kind upon the work to be done under the contract with Lanier Electric Company. For that reason, it was not necessary that it be inspected or examined by the Lanier Electric Company. The only other affidavit offered in opposition to the Summary Judgment was by Kenneth A. Bowman, a worker on the site when the accident happened who observed some evidence that the outlet in question had “been burned by shorting out.”
It is clear from the affidavits and depositions that there was no breách of any duty owed by Lanier Electric Company to the plaintiffs’ decedent. The mover’s affidavits clearly indicate that the defendant had not replaced the outlets nor circuit breakers as first alleged, nor as the amended petition contended, had any duty to inspect or modify any of these outlets. The burden of proof having been sustained by the mover, shifts to the opposition to offer by receivable evidence that there was in fact a genuine issue of fact. Duplechain v. Houston Fire and Casualty Insurance Company, La.App., 155 So.2d 459. Here the Plaintiff has not carried that burden. His offerings are only sufficient to merit consideration as allegations. The affidavit from Queen Esther Johnson is based upon her own opinion as to what the contract between Tudor Construction Company and the Lanier Electric Company covered. There was no testimony that she was acquainted with the contract or of any of its terms regarding a duty to inspect or modify any of these outlets or circuit breakers.
The affidavit by Kenneth A. Bowman does not reveal any concept of a duty upon Lanier to inspect these outlets or any evidence that Lanier had in fact worked on these outlets in any way. His testimony is only that he saw evidence of burning on these outlets.
Plaintiff was given ample opportunity to produce someone to testify that Lanier Electric Company was bound to work on these outlets; did in fact work upon these outlets or circuit breakers or had a duty to inspect these outlets or circuit breakers.
To sustain its burden of proving the negligence as alleged in the amended petition, Plaintiffs secured the deposition of Carroll Lanier. This deposition indicates that Lanier Electric Company was only bound to complete phase I of the contract even though Tudor Construction Company had an option to bind them to do phases II and III. Phase I of the contract only bound Lanier to do electrical work in the new construction portion of the building and did not relate to existing work except to the tying-in of the new construction with the old. At the time of the accident Lanier Electric Company had not installed any receptacles on the existing building. This deposition further indicates that the contract specifically included the blueprints and an addendum which Mr. Lanier testified did not include these particular receptacles. This deposition not only fails to establish that there is a material issue of fact but also tends to support very strongly the mover’s motion. The court is not bound to consider as true the allegations of the petition as amended. Touchet v. Fireman’s Insurance Co., La.App., 146 So.2d 441. The contract attached to the deposition adds nothing to plaintiffs’ argument. Plaintiffs have failed to prove that there is in fact a material issue.[1]
*26 For the foregoing reasons, the judgment of the trial court is affirmed, at plaintiff-appellant’s costs.
Affirmed.

. The author is of the opinion that there is a material issue of fact and that plaintiffs have not failed in their proof.