365 So.2d 1115 (1978)
Loveless CHAISSON and Elvina Chaisson, Plaintiffs-Appellees,
v.
Ena Martin DOMINGUE et al., Defendants-Appellants.
No. 6732.
Court of Appeal of Louisiana, Third Circuit.
November 15, 1978.
Rehearing Denied January 10, 1979.
Writ Granted February 23, 1979.
Domengeaux and Wright, Richard C. Broussard, Lafayette, for plaintiffs-appellees, Loveless and Elvina Chaisson.
Davidson, Meaux, Sonnier & Roy, V. Farley Sonnier, Lafayette, for defendants-appellees, Lloyd Domingue, Ena Domingue and Louisiana Farm Bureau.
Allen, Gooch & Bourgeois, St. Paul Bourgeois, IV, Lafayette, for defendants-appellees, Continental Insurance Co.
Caffery, Duhe, Oubre and Gibbens, Johnnie Mack Duhe, New Iberia, for defendants-third-party plaintiffs-appellants.
Voorhies and Labbe, Richard D. Chappuis, Lafayette, for third-party defendants-appellees, Horace Mann Group.
Before GUIDRY, FORET and CUTRER, JJ.
GUIDRY, Judge.
This is an appeal from the granting of a motion for a summary judgment by the *1116 trial court in favor of the third party defendant in this action, Horace Mann Insurance Company (Horace Mann). The sole issue presented on appeal is whether there existed a genuine issue of material fact on the question of coverage under the policy issued by Horace Mann, so as to have precluded the use of summary judgment.
This suit arose out of an accident involving Mrs. Ena Martin Domingue, who allegedly accidentally fell on Mrs. Elvina Chaisson while they were attending a band concert held at Scott Elementary School. Mrs. Chaisson allegedly sustained injuries as a result of the accident. Mrs. Domingue was employed by the Lafayette Parish School Board as a teacher at Scott Elementary at the time of the concert, and the band was made up of students from that school. The concert took place at Scott Elementary School, well after school hours on the night of May 8, 1975. The public was invited to attend and there was no admission charge.
Mr. and Mrs. Chaisson brought suit against Mr. and Mrs. Domingue (appellants herein) and their homeowners insurer for the personal injuries, medical expenses and lost wages allegedly suffered by Mrs. Chaisson as a result of the accident. Mrs. Domingue thereupon filed a third party demand against Horace Mann, her professional liability insurer, asserting that it was part of her professional duties to attend the concert, and that consequently her actions while there were covered by the terms of her policy. Horace Mann alleged that attendance at the concert was not a part of Mrs. Domingue's duties, and filed a motion for summary judgment seeking dismissal of third party plaintiffs' action on the ground that the policy provided no coverage to Mrs. Domingue under the circumstances of this case.[1]
After introducing a certified copy of the insurance contract in dispute along with two depositions of Mrs. Domingue and the deposition of Elois Comeaux, the principal of Scott Elementary School, Horace Mann alleged that there was no genuine issue of fact material to a finding that its policy provided no coverage to Mrs. Domingue under the circumstances and thus it was entitled to a judgment of dismissal as a matter of law. The trial court granted summary judgment in favor of Horace Mann. Third party plaintiffs have appealed.
Mrs. Domingue's deposition is quite clear on the question of whether her employer had directed her to attend the concert on the date of the accident.
"Q. Now, it was not mandatory for you to attend that performance that night, was it?
A. It was not mandatory. (Tr. pg. 83)
Q. Were you asked by any school authorities, including the principal, to attend this specific concert?
A. Not at that particular time. But whenever we have functions, they like us to be there. (Tr. pg. 85)
Q. . . . In other words, when you went there (to the concert) were you required to perform any function as a teacher, at the band concert?
A. Pleasing my class.
Q. But, other than that?
A. No." (Tr. Pg. 150).
*1117 There is no discrepancy between this testimony by Mrs. Domingue and that of her principal, Mr. Comeaux.
"Q. Mr. Comeaux, I guess you would consider it then to be a normal activity for a teacher to attend functions of this nature?
A. What do you mean by normal?
Q. Well, not unusual?
A. No, it's not unusual. It's not but it's not required, you know. I mean I want you to remember that. It is not required.
. . . . .
Q. Did Mrs. Domingue regularly attend school functions when she was a teacher?

A. Not regularly, no. She did attend some, but not regularly. . . . But that particular night, she had been invited as a spectator."(Tr. pgs. 189 and 190).

The uncontroverted testimony is clear: Mrs. Domingue was not required to attend the concert nor was she required to act in any official capacity at the concert or to sit in any designated area, or to wear any distinguishing uniform. She was not paid or compensated in any manner for her attendance. She was not acting as a moderator, director or chaperone for any of the students participating in the concert. Appellant's attendance at the concert in no way affected her ratings as a teacher nor in any manner contributed to an evaluation of her professional performance while at the school. By her own testimony, Mrs. Domingue admitted that she went to the concert because she personally enjoyed that type of entertainment.
The burden of proof in a motion for summary judgment rests upon the movant to show by convincing proof that there is no genuine issue as to a material fact, and that mover is entitled to judgment as a matter of law. LSA-C.C.P. Arts. 966, 967.
Where convincing proof has been produced, then the burden shifts to the opponent to show by receivable evidence that a genuine issue of material fact does exist, and the opponent must show some real controversy as to a material fact. LSA-C.C.P. Art. 967; Duplechain v. Houston Fire & Casualty Insurance Co., 155 So.2d 459 (La.App. 3rd Cir. 1963). Appellant in this case failed to set forth any specific fact showing that there was a genuine issue for trial. La. Farm Bur. Mut. Ins. Co. v. State Farm, etc., 348 So.2d 1311 (La.App. 3rd Cir. 1977). With the exception of a memorandum opposing the granting of summary judgment, appellants offered no evidence by affidavit, deposition or otherwise to satisfy their burden.
In the instant case there is no dispute as to any of the facts material to a determination of Mrs. Domingue's status at the time of accident, i. e., whether at the time she was acting in her professional capacity as a teacher or member of the instructional, supervisory or administrative staff of Scott Elementary School. The material facts being undisputed there only remains to be determined as a matter of law whether or not the Horace Mann policy provided coverage to her under such undisputed factual circumstances. This being so the matter is appropriate for adjudication by summary judgment. Ocmond v. Eserman, 259 So.2d 600 (La.App. 4th Cir. 1972, writ refused).
Considering the above we affirm the judgment of the trial court. The insurance policy is succinct in limiting coverage to liability for damage resulting from claims made against the insured . . . "arising out of the assured's activities in his professional capacity as a teacher or member of the instructional, supervisory or administrative staff of any school . . ." as defined in the policy. (See footnote 1). The evidence offered in support of the motion establishes that the appellant was not so engaged at the time of the accident.
For the above and foregoing reasons, the judgment of the trial court is affirmed and costs of this appeal are assessed against the appellants.
AFFIRMED.
FORET, J., dissents and assigns written reasons.
*1118 FORET, Judge, dissenting:
I am unable to agree with the majority. In my mind, the majority places an extremely narrow interpretation on the policy phrase in question: "activities in a professional capacity". The majority, apparently, would extend coverage under the Horace Mann policy only when a teacher is engaged in school activities which are required of her as a job condition. I cannot agree. The policy provides that "activities of the assured in [her] professional capacity" wherever used, shall mean "activities of the assured in the course of [her] duty as an Educator, Administrator . . ."
The key word is "duty". Apparently the majority concludes that in order for coverage to be effective under the Horace Mann policy, "duty" means only those activities which are required of the assured as a job condition of her position as a teacher. However, nowhere in the policy can be found a provision expressly excluding from coverage any school or school-related activities of the assured which are not required of her in her professional capacity, and as a condition of her employment.
In my mind, a conscientious teacher would engage in many activities with relation to her students, which are not required of her as a job condition. We are dealing here with a case involving a fifth grade teacher. Personal relationship and rapport with children of such tender age can be greatly enriched by those little things which she can do for them on a personal basis, even though not required of her as a job condition.
Mrs. Domingue, the assured, has testified in her deposition that had she not been a teacher at the Scott Elementary School, she would not have been in attendance at the band concert that night; that she was encouraged by her supervisors and the school board to attend such functions; that she felt that such attendance made her a better teacher and established a better relationship with her students because they were pleased to see her in attendance at such functions.
The principal, Mr. Eloi Comeaux, supported Mrs. Domingue's testimony. He said that attendance at such functions was a normal and customary activity for a member of his teaching staff, although Mrs. Domingue was not required to be there the night of the alleged accident; that the duties of the teacher include activities other than instructing and teaching pupils; if teachers are in attendance at such functions, it would not be unusual for them to act as chaperons, ushers, or referees to quiet any unruly children.
For the foregoing reasons, I am of the opinion that Mrs. Domingue was acting in the course of her duties as a teacher of Scott Elementary School at the time of the alleged accident. Accordingly, she was covered by the Horace Mann policy at that time. I respectfully dissent.
NOTES
[1] The pertinent coverage provisions of the policy are as follows:

A. To pay on behalf of the assured all sums which the assured shall become obligated to pay by reason of the liability imposed upon him by law for damages resulting from any claim made against the insured ARISING OUT OF THE ASSURED'S ACTIVITIES IN HIS PROFESSIONAL CAPACITY AS A TEACHER OR MEMBER OF THE INSTRUCTIONAL, SUPERVISORY OR ADMINISTRATIVE STAFF OF ANY SCHOOL, college or other educational establishment and caused by any acts or omissions of the insured or any other person for whose acts the insured is legally liable. (emphasis added)
IV. DEFINITION OF "ACTIVITIES IN A PROFESSIONAL CAPACITY." The phrase "activities of the assured in his professional capacity" wherever used shall mean activities of the assured in the course of his duty as an Educator, Administrator, Member of a Teaching Staff, Student Teacher or other employee of a school system, subject to the exclusions of this policy.