373 So.2d 982 (1979)
Mae HARDEE, Plaintiff-Appellant,
v.
KILPATRICK LIFE INSURANCE CO., Defendant-Appellee.
No. 7051.
Court of Appeal of Louisiana, Third Circuit.
July 25, 1979.
*983 Gahagan & Gahagan by Marvin F. Gahagan, Natchitoches, for plaintiff-appellant.
Skeels, Baker & Coleman by Ben E. Coleman, Shreveport, for defendant-appellee.
Before DOMENGEAUX, GUIDRY and CUTRER, JJ.
GUIDRY, Judge.
Mae Hardee brought suit to recover accidental death benefits under an "Industrial Accident Policy" issued by defendant, Kilpatrick Life Insurance Company of Louisiana (Kilpatrick). The insured under the policy was Johnny W. Woods, who died as the result of injuries sustained in an industrial accident. Plaintiff is the named beneficiary under the policy. Kilpatrick filed a motion for summary judgment, alleging that there was no genuine issue of material fact and that it was entitled to judgment as a matter of law, considering that the insured died over 90 days after the precipitating accident, and the policy sued upon expressly precluded recovery for death benefits when death ensued more than 90 days after the accident. In support of its motion, Kilpatrick submitted a certified copy of the insured's death certificate and a copy of the policy sued upon (copies of which had likewise been annexed to plaintiff's original petition), along with an affidavit by W. Peyton Shehee, Vice-President of Kilpatrick. Plaintiff submitted no evidence in opposition to the motion. The trial court granted the motion for summary judgment, dismissing plaintiff's suit, and plaintiff has appealed. We affirm.
The certificate of death which was submitted by both plaintiff and defendant reveals that the insured died on April 6, 1977, as the result of injuries sustained in an accident occurring on December 15, 1976. The express terms of the insurance policy sued upon clearly provide that accidental death benefits are not payable if the insured dies more than 90 days after the accident.
Plaintiff in brief asserts that the trial court erred in finding the date of the accident to be as it appeared in the death certificate for purposes of calculating the 90 day period, as the death certificate was hearsay. Plaintiff does not, however, contend nor did she submit any countervailing evidence to show that the date as it appeared therein was incorrect. Plaintiff also argues that the 90 day exclusionary clause in the policy offends public policy. Finally, plaintiff argues in brief only that the insured was kept alive for weeks through the use of life-support machines and was consequently "dead" in a legal sense weeks before *984 the date of death as recorded on the death certificate. Plaintiff offered no evidence whatever to support this theory or to countervail mover's evidence that the decedent in fact died on April 6, 1977.
The burden of proof in a motion for summary judgment rests upon the movant to show by convincing proof that there exists no genuine issue as to a material fact and the mover is entitled to judgment as a matter of law. LSA-C.C.P. Articles 966, 967. The documentary evidence submitted by Kilpatrick in support of its motion, i. e., the death certificate and the policy of insurance, uncontrovertedly establishes that the insured suffered a trauma to his head on December 15, 1976, and died as the result of brain injury resulting therefrom on April 6, 1977, or 111 days after the accident. The affidavit of the Vice-President of Kilpatrick reiterates that the date of the insured's death (April 6, 1977) occurred more than 90 days after the accident (December 15, 1976), and restates the terms of the policy sued upon which preclude recovery of death benefits under such facts.
It is well settled that once the movant meets its burden of showing that no genuine issue of material fact exists, the burden then shifts to the opponent to offer evidence to establish that there does exist a genuine issue of material fact. LSA-C.C.P. Article 967; Johnson v. Lumbermens Mutual Casualty Company, 241 So.2d 23 (La.App. 3rd Cir. 1970), writ denied February 4, 1971; Duplechain v. Houston Fire & Casualty Insurance Co., 155 So.2d 459 (La.App. 3rd Cir. 1963); Chaisson v. Domingue, 365 So.2d 1115 (La.App. 3rd Cir. 1978), writ granted February 23, 1979; Landry v. E. A. Caldwell, Inc., 280 So.2d 231 (La.App. 1st Cir. 1973); Latter & Blum, Inc. v. Von Ruekfrang, 249 So.2d 229 (La.App. 4th Cir. 1971).
A party faced with a motion for summary judgment cannot simply rely on general denials contained in his petition or in brief, but must file countervailing affidavits or give stated reasons why he cannot present facts by affidavit in support of his opposition to the motion. He may not simply rest on his laurels. LSA-C.C.P. Article 967; Atkinson v. Allstate Ins. Co., 361 So.2d 32 (La.App. 3rd Cir. 1978), writ refused October 10, 1978; La. Farm Bur. Mut. Ins. Co. v. State Farm, etc., 348 So.2d 1311 (La.App. 3rd Cir. 1977); Dantone v. Tangipahoa Parish School Board, 279 So.2d 779 (La.App. 1st Cir. 1973), writs refused August 31, 1973.
Plaintiff's contention in brief that the insured was "dead" in a legal sense long before the date of death appearing on his death certificate is wholly unsupported by the record. We note that plaintiff's own petition contains the following language:

"4.
The insured, Johnny W. Woods, died in Houston, Texas on April 6, 1977 as a direct result of accidental injuries which he sustained when he was struck in the head with a piece of metal.

5.
The death certificate (Exhibit P-2) shows the cause of death to be a `blunt trauma to the head'."
Furthermore, plaintiff failed to assert at any point in the proceedings that the date of injury as it appeared on the death certificate was not correct. Although plaintiff might have contradicted the dates as set forth in the evidence submitted in support of the motion for summary judgment by counter affidavits, she failed to do so. It has been repeatedly held that in the absence of any counter affidavits or evidence, it must be assumed that there is no dispute with regard to the facts set forth in the affidavits of movant seeking summary judgment. Duplechain v. Houston Fire & Casualty Insurance Co., supra; Trahan v. Liberty Mut. Ins. Co., 348 So.2d 205 (La. App. 3rd Cir. 1977), writ denied, La., 351 So.2d 163; Joiner v. Lenee, 213 So.2d 136 (La.App. 3rd Cir. 1968), writ refused, 252 La. 960, 215 So.2d 129 (1968); Roach v. Liberty Mutual Insurance Company, 279 So.2d 775 (La.App. 1st Cir. 1973), writ refused August 31, 1973; Dean v. American Marine Corporation, 169 So.2d 572 (La.App. 4th Cir. 1964).
*985 Generally, a certified copy of the insured's death certificate is admissable as an exception to the hearsay rule when the information provided is reliable and the interest of justice will best be served by its admission. Taylor v. Interstate Life and Accident Insurance Co., 169 So.2d 249 (La. App. 1st Cir. 1964).
A clause in an accidental death insurance policy which limits liability by precluding recovery when the insured dies more than 90 days after the accident is not contrary to public policy. Fontenot v. New York Life Insurance Company, 357 So.2d 1185 (La.App. 3rd Cir. 1978), writ refused June 9, 1978.
As the uncontroverted evidence submitted in support of defendant's motion establishes that the insured died more than 90 days after the accident, and that under such circumstances accidental death benefits under the policy were not payable, we find that the trial court properly granted a summary judgment in this case.
For the above and foregoing reasons the judgment of the trial court is affirmed. Costs of this appeal are to be paid by appellant.
AFFIRMED.