GUIDRY, Judge.
Defendant-appellant, Larry J. Leger (Leger), appeals a judgment of the district court granting a motion for summary judgment in favor of plaintiff, Farmers State Bank and Trust Company (Farmers), and against Leger on three promissory notes executed by Leger on behalf of Exton, Inc. (now Jocal Hot Oil Services, Inc.) and endorsed by Leger both as an officer of Ex-ton and individually. We affirm.
This appeal arises out of a suit by appel-lee, Farmers, against appellant, Leger, and Jocal Hot Oil Services for sums due on four promissory notes: note 1, in the amount of $5,600.00, executed October 1, 1980; note 2, in the amount of $7,000.00, executed October 15, 1980; note 3, in the amount of $3,500.00, executed October 17, 1980; and, note 4, in the amount of $10,000.00, executed November 14,1980. On December 4, 1985, the trial court granted judgment in favor of plaintiff, Farmers, against Jocal for the amounts due and unpaid on all four notes and against Leger for the amounts due and unpaid on notes 2, 3 and 4. The judgment against Jocal was in confirmation of a previously rendered judgment of preliminary default and the judgment against Leger was rendered pursuant to a previously filed motion for summary judgment. The judgment against Jocal is now final. Leger timely appealed the judgment rendered in favor of Farmers against him.
At the hearing on the motion for summary judgment, plaintiff acknowledged that Leger had not endorsed note 1 individually, and dismissed its demand agianst him on that note. In support of its motion, Farmers introduced the four original notes, an affidavit of account attesting to the balance due on each note and the fact that the notes were past due. The mover also offered and introduced the deposition of appellant, Larry J. Leger.
On appeal, Leger argues that the trial court erred in granting plaintiff’s motion since that ruling involved the deciding of disputed subjective facts such as implied consent, intent, knowledge and motive. The basis for appellant’s argument lies in a contract allegedly executed between Leger and a number of third parties on January 21, 1981 wherein Leger supposedly transferred all of his stock and interest in Exton to the third parties. The alleged consideration to Leger for this transfer was a promissory note for “x” dollars and an agreement by the third parties to assume any liability of Leger on the notes in question. Although Leger concedes that Farmers was not a party to the alleged contract, he urges that Farmers was aware of his negotiations with these third parties; Farmers was also aware that by verbal agreement the third parties were to assume his obligations to the Bank on the notes sued on; and, accordingly, Farmers is estopped to pursue its claim against him.
The law governing motions for summary judgment was succinctly stated by this court in Verrett v. Cameron Telephone Co., 417 So.2d 1319 (La.App. 3rd Cir.1982), writ denied, 422 So.2d 164 (La.1982), wherein we stated:
“Preliminarily, it should be noted that a motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, admissions on file, together with the affidavits show no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. C.C.P. Art. 966. Papers supporting the position of the party moving- for summary judgment are to be closely scrutinized, while the opposing papers are to be indulgently treated. Vermilion Corp. v. Vaughn, 397 So.2d 490 (La. 1981). A summary *1143 judgment is not appropriate when it is based upon affidavits and accompanying pleadings and other documentary evidence to establish subjective facts such as motive, intent, good faith or knowledge. Mecom v. Mobil Oil Corp., 299 So.2d 380 (La.App. 3rd Cir.1974), writ ref. 302 So.2d 308 (La.1974), Fontenot v. Aetna Insurance Co., 225 So.2d 648 (La. App. 3rd Cir.1969). Only when reasonable minds must inevitably concur is a summary judgment warranted and any doubts should be resolved in favor of a trial on the merits. Cates v. Beauregard Elect. Coop., Inc., 328 So.2d 367 (La. 1976); Kay v. Carter, 243 La. 1095, 150 So.2d 27 (1963); Clement v. Taylor, 382 So.2d 231 (La.App. 3rd Cir.1980).
Nor is summary judgment appropriate as a vehicle for the disposition of a case, the ultimate decision in which will be based on opinion evidence or the judicial determination of subjective facts. Butler v. Travelers Ins. Co., 233 So.2d 271 (La.App. 1st Cir.1970); Smith v. Preferred Risk Mutual Ins. Co., 185 So.2d 857 (La.App. 3rd Cir.1966).”
In his deposition, Leger testified that prior to executing the alleged contract of January 21, 1981, in which he divested himself of his interest in Exton, he and the buyers of that interest reached a verbal agreement that he was to be released from any personal liability which he had incurred on notes made for the benefit of Exton. He further stated that, although this was the intent of the parties, no such release appeared in the contract.
In the present case, the alleged contract was not introduced into evidence. Further, the record does not clearly establish that a contract was ever executed.
Leger’s testimony at his deposition established that the bank was not a party to the contract. It is' well settled that only a party to a contract can be bound by its provisions. La.C.C. art. 1983 (formerly C.C. art. 1901); Colbert v. Mike-Baker Brick Co. of New Iberia, Inc., 326 So.2d 900 (La.App. 3rd Cir.1976), writ not considered, 329 So.2d 753 (La.1976); General Auto Service, Inc. v. Lombard, 151 So.2d 536 (La.App. 4th Cir.1963). Although in his deposition Leger maintained that Farmers was aware and assented, by inaction, to the alleged contract, he repeatedly testified and conceded that no one representing or employed by Farmers ever told or otherwise communicated to him that the bank had released him from any personal liability on any of the notes sued upon.
In support of its motion for summary judgment, Farmers proved that the notes sued upon were past due; the balances due on said notes; and, the liability of Leger for the payment of the balances due.
“It is well settled that once the movant meets its burden of showing that no genuine issue of material fact exists, the burden then shifts to the opponent to offer evidence to establish that there does exist a genuine issue of material fact. LSA C.C.P. Article 967; Johnson v. Lumbermens Mutual Casualty Company, 241 So.2d 23 (La.App. 3rd Cir. 1970), writ denied February 4, 1971; Duplechain v. Houston Fire & Casualty Insurance Co., 155 So.2d 459 (La.App. 3rd Cir.1963); Chaisson v. Domingue, 365 So.2d 1115 (La.App. 3rd Cir.1978), writ granted February 23, 1979; Landry v. E.A. Caldwell, Inc., 280 So.2d 231 (La.App. 1st Cir.1973); Latter & Blum, Inc. v. Von Ruekfrang, 249 So.2d 229 (La.App. 4th Cir.1971).
A party faced with a motion for summary judgment cannot simply rely on general denials contained in his petition or in brief, but must file countervailing affidavits or give stated reasons why he cannot present facts by affidavit in support of his opposition to the motion. He may not simply rest on his laurels.’ Hardee v. Kilpatrick Life Ins. Co., 373 So.2d 982 (3rd Cir.1979).”
Ardoin v. Pitre, 430 So.2d 815 (La.App. 3rd Cir.1983).
The record reflects the existence of genuine issues of material fact concerning the contract between Leger and those persons who allegedly negotiated to buy his interest in Exton, but these issues of fact have no bearing upon Farmers’ right to secure judgment for the amounts owed by Leger *1144 on the several notes which he admittedly executed and were past due.
Further, there is absolutely nothing in the record to support Leger’s claim of es-toppel and nothing which would even suggest a genuine issue of fact in this regard.
Accordingly, for the reasons stated, the judgment appealed from is affirmed. All costs of this appeal are taxed to appellant.
AFFIRMED.